[Civ. No. 7499.   First Appellate District, Division One.—October 24, 1930.]

MARY LAHTI, Respondent, v. SOUTHWESTERN AUTO-MOBILE INSURANCE COMPANY (a Corporation), Appellant.

L. J. Styskal for Appellant.

Elliott Johnson and Frank V. Cornish for Respondent.

TYLER, P. J.—Action to recover indemnity under a policy of automobile liability insurance.

The policy which was issued by defendant company in the sum of $5,000 covered a Chevrolet sedanette automobile of which one Margaret McMenamin was the owner and the assured named in the policy. Thereafter, and when the policy was in full force and effect, William McMenamin, her husband, while driving the automobile with the knowledge and consent of his wife, struck and injured the plaintiff, who brought suit against William McMenamin and recovered judgment in a sum in excess of $16,000. Margaret Mc-Menamin was not made a party to the action and no judg-

ment has been recovered against her. Thereafter the present action was instituted against the insurance company, as authorized by statute (Stats. 1919, chap. 367, p. 776), to recover on its policy in the sum of $5,000, together with interest on the judgment against William McMenamin.

Under the authority of the statute referred to and based upon the judgment recovered against William McMenamin, the court below rendered judgment for plaintiff on the theory that William McMenamin was included in the provisions of the policy and that defendant was therefore liable to plaintiff on that instrument. From this judgment and from an order denying a new trial this appeal is taken.

The sole question here presented is whether or not defendant company is bound under the terms of the policy to pay a judgment rendered against William McMenamin where none was rendered against Margaret McMenamin.

The pertinent parts of the policy provide as follows:

"(Defendant) Does hereby agree:

"(1) To Indemnify the person . . . named in Statement 1 of the Schedule of Statements and herein called the Assured, against loss from the liability imposed by the law upon the assured . . . as the result of an accident . . . caused by reason of the use, ownership, or maintenance of any of the automobiles . . .

"2. To defend in the name and on behalf of the assured any suit brought against the assured. . . .

"(In addition to the assured named in the policy, any other person while riding in or operating any automobile covered hereunder, and any other person . . . while responsible for the operation of any such automobile, shall be deemed to be included within the meaning of the word 'assured' wherever used in this policy, provided (1) That such person . . . is not covered by any other valid and collectible insurance against an accident covered by this policy . . . ;

"(3) That the word 'Assured' in the cancellation condition (G) and in the other insurance condition (N) of the policy shall be limited to the assured name in the schedule; (4) That the insurance under this policy shall be applied first to the protection of the assured named in the schedule, and the remainder if any shall alone be applicable to the

protection of any person . . . entitled to indemnity under the provisions of this paragraph. . . .

"K. The Company shall not be liable . . . until a final judgment shall have been recovered against the assured in a suit covered hereby. The insolvency or bankruptcy of the assured shall not release the company . . . and if such insolvency or bankruptcy shall occur, . . . the judgment creditor shall have a right of action to recover the amount of such judgment against the Company to the same extent that the assured would have had to recover against the company had the assured paid the said judgment. . . .

"R. . . . The expenses incurred by the company in defending any suit, including the interest on any verdict or judgment and any costs taxed against the Assured, will be paid by the company irrespective of the limits expressed above."

The person named as the assured in schedule 1 of the schedule of statements is Margaret McMenamin. It is appellant's contention that the defendant under its policy contemplated no indemnity liability to any other person except Margaret McMenamin, the person named in the schedule of statements. There is no merit in the contention. In plain and unambiguous language, the omnibus clause of the policy provides that in addition to the assured named in the policy, any person while riding in or operating the automobile covered by the policy, shall be deemed to be included within the meaning of the word "assured". William McMenamin was within the defined group, being the operator of the car, and this being so, the policy contemplated indemnity liability for his acts as an unnamed assured with the same force and effect as if he had been expressly named therein. That appellant contemplated giving benefits to persons other than the named assured, Margaret McMenamin, is further evidenced by the clause in the policy providing that the insurance shall be first applied to the protection of the assured named in the schedule, and the remainder, if any, shall alone be applicable to the protection of others entitled to indemnity. To hold that the policy covered only liability incurred by the insured herself by reason of the driving of the automobile by a third person with her consent and did not cover the liability of the third person when the named insured was not herself liable, would be to disregard entirely the express provisions of

the omnibus clause. (See *Ocean Accident & Guaranty Corp.* v. *Bear*, 220 Ala. 491 [125 South. 676]; *Horn* v. *Commonwealth Co.*, 105 N. J. L. 616 [147 Atl. 483]; *Odden* v. *Union Indemnity Co.*, 156 Wash. 10 [286 Pac. 59].)

The terms of the policy are plain and explicit and the meaning clear and free from doubt, and need no construction. The declared intention was to insure not only the named assured but all the defined group named in the omnibus clause as well.

The judgment and order are affirmed.

Knight, J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 22, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 22, 1930.