[Civ. No. 6562. Second Appellate District, Division One.—June 4, 1931.]

WINNIFRED CLARE HARDING et al., Appellants, v. CITY OF HAWTHORNE (a Municipal Corporation), Respondent.

Elton W. Stanley and Richard A. Dunnigan for Appellants.

Louis Greenbaum, City Attorney, for Respondent.

BISHOP, J., *pro tem.*—In this action plaintiffs seek to recover damages from the City of Hawthorne because of the

negligent operation of a motorcycle by a police officer of the city while acting within the course and scope of his employment. It his opening statement before the jury plaintiff spoke of the operator of the motorcycle as a "motorcycle policeman". A motion for judgment on the pleadings was thereupon interposed and after some discussion plaintiff requested and was granted leave to amend his complaint by substituting the characterization "police officer" for the word "employee" as applied to the driver of the offending motorcycle in the complaint as drawn. The motion for judgment on the pleadings was renewed by the defendant city as to itself alone, and granted, judgment following. The question thus submitted to the trial court, and now to us, is whether or not a municipality is liable for injuries occasioned by the careless and negligent operation of a motorcycle by a police officer on duty. It is our opinion that the negative answer given by the trial court is the correct one.

"It is thoroughly settled in this state that in the absence of a statute imposing the liability, a municipality is not liable on account of acts such as those here complained of, unless the negligence was in the matter of the exercise of functions private and proprietary in their nature as distinguished from functions purely governmental in nature." (*Kellar* v. *City of Los Angeles*, (1919) 179 Cal. 605, 607 [178 Pac. 505]. See, also, *Manning* v. *City of Pasadena*, (1922) 58 Cal. App. 666 [209 Pac. 253]; *Davie* v. *Board of Regents*, (1924) 66 Cal. App. 693 [227 Pac. 243].) The following quotation from *Chafor* v. *City of Long Beach*, (1917) 174 Cal. 478 [Ann. Cas. 1918D, 106, L. R. A. 1917E, 685, 163 Pac. 670], appears in *Kellar* v. *City of Los Angeles, supra,* at page 608: "Nor is it difficult to set forth the definition of governmental functions as applied to a city. Under the theory of the common law, that the municipality is protected from liability only while exercising the delegated functions of sovereignty, the governmental powers of a city are those pertaining to the making and enforcing of police regulations, to prevent crime, to preserve the public health, to prevent fires, the caring for the poor, and the education of the young." Applying this principle it has been held that the negligent operation or maintenance of fire-fighting apparatus creates no liability on the city. (*Howard* v. *San Francisco*, (1875) 51 Cal. 52; nor on the

state *Denning* v. *State,* (1899) 123 Cal. 316 [55 Pac. 1000].)
Similarly cities are not liable for the negligent driving of
motor vehicles in the service of the police department.
(*Engel* v. *Milwaukee,* (1914) 158 Wis. 480 [149 N. W. 141];
*Stater* v. *Joplin,* (1915) 189 Mo. App. 383 [176 S. W. 241];
*Aldrich* v. *Youngstown,* (1922) 106 Ohio St. 342 [140 N. E.
164, 27 A. L. R. 1497]; *Hansen* v. *Berry,* 54 N. D. 487,
(1926) [47 A. L. R. 816, 209 N. W. 1002]. See, also, 19
R. C. L. 1119.)

Appellant suggests that there has been a modification
of this established principle by legislation effective in Sep-
tember, 1925, the time involved in this case. In substan-
tiation of her suggestion she points to sections 132 and 144
of the California Vehicle Act as enacted in 1923. They
read as follows:

"Sec. 132. Police and fire department vehicles shall have
the right of way over all other vehicles but must be operated
with due regard for the safety of all persons using the
public highway. This provision shall not protect the driver
of any such vehicle or his employer or principal from the
consequence of the arbitrary exercise of such right of way.

"Sec. 144. The provisions of this act applicable to
drivers of vehicles upon the public highways shall apply
to the drivers of all vehicles operated by the state or any
political subdivision thereof, or of any incorporated city,
subject to such specific exceptions as are set forth in this
act."

We see in these provisions no attempt of the legislature to
create a liability on the part of cities for the negligent opera-
tion of fire department or police vehicles. The most that
can be said is that in the second sentence of section 132
the liability of the city as a principal is assumed. The
case of *Denning* v. *State, supra,* presented a stronger case
for recovery than this. The statute there under con-
sideration (Stats. 1893, p. 57) provided: "All persons who
have, or shall hereafter have, claims on contract or for
negligence against the state . . . are hereby authorized
. . . to bring suit thereon against the state . . ." Plaintiff
had a claim for negligence, and claimed that the intent
of the legislature in passing the statute was to make the
state liable. In answer the Supreme Court said: "This
statute has been considered by this court in at least two cases,

arising under different facts, and in both it was held that said statute did not create any liability or cause of action against the state where none existed before, but merely gave an additional remedy to enforce such liability as would have existed if the statute had not been enacted. (*Chapman* v. *State,* 104 Cal. 690 [43 Am. St. Rep. 158, 38 Pac. 457]; *Melvin* v. *State,* 121 Cal. 16 [53 Pac. 416].) Respondent's first point cannot, therefore, be sustained."

Furthermore, if the legislature intended to create a liability on the part of the cities by adopting these sections in 1923, its attempt is futile because the title of the act (Stats. 1923, p. 517) contains no reference to any such subject matter, nor did the title of the Vehicle Act (Stats. 1915, p. 397) to section 20, subsection (m) of which the provisions now found in section 132 may be traced. (*Brunson* v. *Santa Monica,* (1915) 27 Cal. App. 89 [148 Pac. 950].) We must conclude that the freedom from liability which the defendant enjoys under the common-law rule has not been destroyed by any statutory provisions suggested or discovered.

The judgment is affirmed.

Houser, Acting P. J., and York, J., concurred.