[L. A. No. 15761. In Bank.—July 27, 1936.]

GEORGE BRINDAMOUR et al., Respondents, v. THOMAS MURRAY et al., Appellants; MINNETTA B. PORTER, Intervener and Respondent.

Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney, and Albert E. Wheatcroft, Deputy City Attorney, for Appellants.

Henry Davidian for Respondents.

SHENK, J.—This is an appeal by the defendants Thomas Murray and the City of Los Angeles from a judgment for damages sustained by the plaintiffs and the intervener as the result of an automobile collision. The accident occurred about 11:20 P. M. on December 12, 1933, at the intersection of Twenty-first Street and Broadway in said city. The plaintiff, George Brindamour, a magician, accompanied by his wife, was driving his Essex car homeward after a performance at the Hippodrome theater. Going westerly on Twenty-first Street, he stopped his car at the intersection of that street and Broadway. He proceeded into the intersection and was struck by the Buick car driven southerly on Broadway by the defendant Murray, whose wife was with him in that car. By the impact the Essex car was shunted off the highway onto private property, and into the residence of intervener Porter. The damages of the intervener were fixed by stipulation and no controversy with reference thereto is presented.

On the appeal both defendants contend that the plaintiff George Brindamour was guilty of contributory negligence as a matter of law. On the evidence that the plaintiff was well into the intersection where he had the right of way at the time his automobile was struck and other competent evidence, the court found against the plea of contributory negligence. Questions of fact were necessarily involved in this branch of the case and the contention must fail. The negligence of the defendant Murray was clearly established.

The defendant city urges the point that it is not liable under the evidence and under the statute. The evi-

dence shows without contradiction that at the time of the accident the defendant Murray was a captain of police in the police department of the city, and as such was an employee of the city. At that time his usual hours of work were from 8 o'clock in the morning to 5 o'clock in the afternoon. The Buick automobile had been assigned to him for his use in his employment. On the afternoon in question he left the police station at 5 o'clock in the car assigned to him and went to his home on West Forty-first Drive. There his wife joined him and the two proceeded to the down-town section and had dinner. On the return home in the car the accident happened. It is conceded by the plaintiff that at the time involved the defendant Murray was using the car in his own private business.

The statute under which the city is sought to be held is section 1714½ of the Civil Code, added in 1929 (now section 400 of the Vehicle Code), and in effect at the time the accident occurred. That section, in its pertinent parts, provided: "Hereafter . . . every municipal corporation . . . owning any motor vehicle shall be responsible to every person who sustains any damage by reason of death, or injury to person or property as the result of the negligent operation of any said motor vehicle by an officer, agent, or employee or as the result of the negligent operation of any other motor vehicle by any officer, agent or employee when acting within the scope of his office, agency or employment and any such person may sue . . . the municipal corporation . . . in any court of competent jurisdiction in this state in the manner directed by law."

It is the plaintiff's position that under the foregoing section the liability of the city is established upon a showing only of the ownership of the motor vehicle by the city and its operation at the time by an employee of the city. The city contends that a proper construction of the section compels the conclusion that it is necessary to allege and prove that the officer, agent or employee of the city causing the injury was acting at the time within the scope of his office, agency or employment before the city can be bound, and that unless the section can be so construed the liability there sought to be imposed, based on ownership alone, was beyond the power of the legislature.

A reading of the section appears to disclose two clauses in the disjunctive, the first making the city liable for injuries or death caused by the negligent operation of a *city-owned motor vehicle* by an officer, agent, or employee of the city, and the second, making the city liable for the negligent operation of *any other motor vehicle* by an officer, agent or employee of the city when acting within the scope of his office, agency or employment.

Under the first clause the question is immediately presented whether it is competent for the legislature to impose liability on the city based on ownership alone, or as more precisely sought to be applied in this case, whether the city can be held liable for the negligent operation of a city-owned motor vehicle when at the time the injury occurs the motor vehicle is being operated by an employee of the city in the pursuit of his own private business or pleasure.

The city attorney calls attention to section 9 of a penal ordinance of the city in evidence and in effect at the time of the accident which provides: ''It shall be unlawful for any person to use or operate, or cause to be used or operated, any unit of automobile equipment owned by the city of Los Angeles for any purpose other than the official business of the city of Los Angeles.'' It is accordingly urged that since, under the conceded facts in this case, the defendant Murray was operating the Buick car in a prohibited use, the liability is his alone and that the city is not liable.

It may be assumed that the city could not by ordinance relieve itself of a liability validly imposed by statute, yet it must be said that the ordinance provision above quoted is in line with and in aid of the policy of the law prohibiting the use of public property for private purposes. This policy is laid down in the fundamental law of this state in section 31 of article II of the Constitution which prohibits the legislature from making or authorizing any gift of money or other thing of value to any person, and from pledging the credit of the city ''in any manner whatever'' for the payment of the liability of any individual. We are not here directly concerned with the liability of the city for the negligence of its employees engaged in the activities of the city in a proprietary capacity. In such cases the liability of the city is similar to that of a private corporation. (*Morrison* v. *Smith Bros., Inc.*, 211 Cal. 36 [293 Pac. 53] ; *Chafor* v. *City of Long*

*Beach,* 174 Cal. 478 [163 Pac. 670, Ann. Cas. 1918D, 106, L. R. A. 1917E, 685]; *Davoust* v. *City of Alameda,* 149 Cal. 69 [84 Pac. 760, 9 Ann. Cas. 847, 5 L. R. A. (N. S.) 536].) It is well settled that, in the absence of a statute voluntarily authorizing liability, the state, its municipal corporations, and other governmental units, are not liable in damages for the negligent acts of its officers, agents and employees in discharging duties pertaining to governmental functions. (*Miller* v. *City of Palo Alto,* 208 Cal. 74 [280 Pac. 108]; *Chapman* v. *State,* 104 Cal. 690 [38 Pac. 457, 43 Am. St. Rep. 158]; *Bourn* v. *Hart,* 93 Cal. 321 [28 Pac. 951, 27 Am. St. Rep. 203, 15 L. R. A. 431].) It is also taken as well settled that among the governmental functions of the city is the maintenance of a police department, including the operation of motor vehicles when used in the discharge of police departmental business. (*Keller* v. *City of Los Angeles,* 179 Cal. 605 [178 Pac. 505]; *Harding* v. *City of Hawthorne,* 114 Cal. App. 580 [300 Pac. 42].)

Prior to the enactment of section 1714½ of the Civil Code in 1929 the city was not liable for the negligent acts of its officers, agents and employees in operating motor vehicles in the discharge of duties incident to the governmental functions of the city. The section must be deemed to authorize municipal liability in such cases, and it was the undoubted intention of the legislature to impose such liability in a manner similar to that to which the city was theretofore subjected in connection with the negligent operation of motor vehicles in the discharge of proprietary functions. In the latter class of cases the city is not liable unless at the time involved the relationship of master and servant exists between the city and its negligent employee. If that relationship must exist in the one class of cases there is every reason to require its presence in the other class. In both classes the law assumes that when the city is acting through the instrumentality of its officers, agents or employees the city is itself acting and as such may be responsible for what it does through the act of its servant when acting within the scope of his employment. To hold otherwise would be to subject the city to liability for the negligence of one not acting for the city in any respect.

With the foregoing considerations in mind the first clause of section 1714½ of thte Civil Code must be held un-

constitutional if, as the plaintiffs contend, it must be construed to impose liability on the city in the absence of the relationship of master and servant. But it is the duty of the court to harmonize the section as a whole with the constitutional prohibition. (See *Woodman* v. *Hemet Union High School District,* 136 Cal. App. 544 [29 Pac. (2d) 257]; *Keeney* v. *City of Salem,* 150 Or. 667 [47 Pac. (2d) 852]; *Irolla* v. *City of New York,* 155 Misc. 908 [280 N. Y. Supp. 873]; *Downing* v. *City of New York,* 219 App. Div. 444 [220 N. Y. Supp. 76], affirmed, 245 N. Y. 597 [157 N. E. 873].)

The construction to be placed on section 1714½ in order to sustain it, is so to read it that the phrase "when acting within the scope of his office, agency or employment", applies to both disjunctive clauses. The city is therefore liable only when the officer, agent or employee of the city, in negligently operating a motor vehicle belonging to the city, is acting within the scope of his office, agency or employment.

Stress is laid by the plaintiffs on the statement in evidence of the defendant Murray that at the time involved he was using the car with the city's consent, and that liability may be imposed on the city by reason of ownership of the car and consent to use it at the time, in like manner as a private owner is held liable under section 1714¼ of the Civil Code. A complete answer to the contention is that, since the defendant Murray was admittedly then using the automobile for his own private purposes it was beyond the power of the city to grant consent to use it for those purposes and thus create liability against itself.

The judgment is reversed as to the defendant City of Los Angeles and is affirmed as to the defendant Murray.

Thompson, J., Curtis, J., Langdon, J., Seawell, J., and Waste, C. J., concurred.