JUAN CANALS GONZÁLEZ, Plaintiff and Appellee, *v.* EPIFANIO VIDAL ET AL., Defendants; and GREAT AMERICAN INDEMNITY COMPANY, Defendant and Appellant.

No. 7342. Argued January 21, 1938.—Decided May 17, 1938.

*Juan Valldejuli Rodríguez* for appellant. *García Méndez & García Méndez* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Juan Canals González brought an action for damages against Epifanio Vidal, Silverio V. Laguerra, and the Great American Indemnity Company to recover $905.82.

The defendants Vidal and the Great American Indemnity Company answered jointly denying such of the facts alleged in the complaint as might prejudice them and alleging several affirmative defenses. The other defendant Laguerra did not answer, and his default was entered.

The trial was held, and the district court found that the following facts were proved:

"From all the evidence presented by the parties, the court considers it proved that plaintiff Juan Canals González and defendant Epifanio Vidal are over 21 years of age and residents of Mayagüez, the former a landowner and the latter a merchant; the co-defendant Silverio V. Laguerra is also over 21 years of age, a chauffeur and resident of Mayagüez; and the co-defendant the Great American Indemnity Company is a corporation organized in accordance with the laws of New York, and engaged in the insurance business in Puerto Rico, with its main office in San Juan; that on March 25, 1934, the defendant Epifanio Vidal was the owner of the Buick automobile No. 8988, and that on the said day March 25, 1934 at about 10:15 P. M., on highway no. 2 at a point known as 'Punta

de Camuy', kilometer 103, hectometer 6, in the Yeguada ward of the said town, the said automobile was driven by defendant Silverio V. Laguerra, a chauffeur under license No. 32,077, and in so driving the said Buick automobile he collided with a Diamond truck owned by the plaintiff, 1933 model license No. HP–47, driven by Vicente Hernández López, license No. 43,752, causing damage to the said truck consisting of damage to the right wheel, a mudguard, the hood, axle and the chassis which was twisted, and the springs, the labor and parts which were used in repairing the said truck having cost $225.82, which sum the plaintiff paid to E. Solé & Co. of San Juan where the truck was under repair for 19 days; that the truck was new, and its value was between $2,050 and $2,150, and that on the day of the accident it was worth about $150 less, and that after the repairs it had depreciated 20 to 25% of its value before the accident; that the said accident occurred when the plaintiff's truck, driven by his chauffeur Vicente Hernández López, was travelling toward San Juan, having pulled over well to its right, because he saw a car coming in the opposite direction; that the truck was in second gear, and that suddenly a car, the automobile of the defendant Epifanio Vidal, driven by Silverio V. Laguerra, was seen coming behind the truck at high speed, and when the said Silverio V. Laguerra attempted to pass the truck, just as the car coming in the opposite direction swerved to its own right, the said automobile of the defendant Epifanio Vidal collided with the side of plaintiff's truck, causing the damage stated above, and the court finds that no fault or negligence intervened in the said accident and that it was due exclusively to the fault, negligence and recklessness of Silverio V. Laguerra who attempted to pass the plaintiff's truck when the right of way corresponded to the other automobile which was coming in the opposite direction, the said fault and negligence being the sole and exclusive cause of the said accident.

"1   *     *     *     *     *     *     *

"The plaintiff presented in evidence the insurance policy referred to in the complaint which contains an omnibus clause which literally copied reads as follows:

" 'ENDORSEMENT FOR ADDITIONAL COVERAGE—Omnibus clause endorsement—It is hereby understood and agreed that the insurance provided for in this policy shall extend in such manner that in like manner and under the same conditions that it protects the Assured named, it shall also protect any person who operates, and/or any other person who may be riding in (excepting the chauffeur em-

ployed as such on the insured automobile) and/or any other person, firm or corporation legally responsible for the operation of any of the automobiles described in the specific stipulations, provided such use or operation is lawful and with the consent of the Assured named, or, if the Assured named should be a private individual, then with the consent of an adult member of the family of the Assured named provided it is not the chauffeur or a domestic servant, excepting that this extension shall not apply to, nor shall the insurance provided protect, any public garage, automobile repair shop, dealers in automobiles, or the owners, employees, or agents of the same or of any of the same; provided further, that the insurance payable under this policy shall first be applied by the company to the protection of the Assured named, and the balance, if any, to the protection of others who may have a right to the insurance under the stipulations and conditions of the General Insurance Contract and as the Assured named shall direct in writing. This policy shall otherwise remain subject to all its stipulations. This endorsement is effective from 12 noon of October 4, 1933. Attached and made to form a part of policy No. M-221496, issued by the Great American Indemnity Company in favor of Epifanio Vidal. Mayagüez, P. R., Great American Indemnity Company, Jesse S. Philips, President. Auto 3106 A 2 M 11-31'

‘‘ *      *      *      *      *      *      *

‘‘The court does not consider it proved that the automobile of Epifanio Vidal was engaged in his business and for his benefit since, while there was evidence that Francisco Vidal and Epifanio Vidal are brothers who worked together and the car of the said Epifanio Vidal went for Francisco Vidal who was returning from a business trip to the United States, this was not in connection with business of Epifanio Vidal or Francisco Vidal, for which reason the judge finds that no judgment may be taken against the said Epifanio Vidal.

‘‘All the evidence shows, however, that Silverio V. Laguerra was driving the Buick automobile of Epifanio Vidal, whether as chauffeur, as all the defendants admitted, or as a person especially designated by the defendant Epifanio Vidal to drive the car to San Juan and bring Francisco Vidal, brother of the defendant Epifanio Vidal. In other words, the defendant Silverio V. Laguerra was operating the automobile, which fact was known to the defendant Epifanio Vidal himself, who gave him $7 for the expenses of the trip.’’

Then the court studied the law and cases applicable and concluded that judgment should be rendered dismissing the complaint as to defendant Vidal, owner of the automobile with which the damage was caused, because he was not travelling in it or using it in his business, and ordering the other defendants Laguerra, who was driving the automobile, and the Great American Indemnity Company, which insured it, to pay jointly to the plaintiff $625.82, at which it fixed the damages which the plaintiff really suffered in expenses for repairs to the truck and depreciation of the same, plus costs and attorney's fees. Laguerra was also ordered to pay separately to the plaintiff $95 for loss of the use of the truck, since the insurance company was not liable therefor inasmuch as its policy did not cover this risk.

The Great American Indemnity Company appealed from the judgment rendered and assigned in its brief four errors to the trial court (1) in interpreting the omnibus clause of the policy; (2) in finding in an ambiguous manner, contrary to the allegations, that Laguerra acted either as chauffeur for Vidal, the owner of the car, or as a person specially designated by Vidal to drive his car; (3) in converting the insurance policy in this case, from a public liability policy into a life insurance policy; and (4) in weighing the pleadings and the evidence.

The district court, then, considering it established that Vidal, the owner of the car, was not travelling in it when the accident occurred, relieved him of responsibility, in accordance with the law and the decisions in force in Puerto Rico, and considering it likewise established that when the accident occurred the car was being driven by the defendant Laguerra, chauffeur of the owner, rendered judgment against him, and also against the Great American Indemnity Company in spite of the exoneration of Vidal, because it considered that, since the chauffeur was authorized by the owner of the car to drive it at the time of the accident, the Great American

Indemnity was responsible in accordance with the terms of the policy.

■ We have seen the pertinent clause of the policy. It protects "in like manner and under the same conditions that it protects the Assured":

1, any person who drives the insured car;

2, any other person in it, excepting the chauffeur employed on the car.

3, any other person, firm or corporation legally responsible for its operation, provided it be lawful and with the consent of the assured, and if the assured should be a private individual, with the consent of any adult member of his family who is not a chauffeur or a domestic servant.

In our opinion the trial court correctly construed the clause in question, generally known as the "omnibus clause". The cases are abundant. In volume 72 A.L.R. 1375, they are annotated after the following introduction:

"Independently of the general insuring clause in an automobile liability policy, oftentimes there appears either within the policy, or by way of rider or indorsement attached thereto, a clause pur- porting, or the effect of which is, to extend the protection of the policy to any person or persons coming within a defined group, this is the so-called 'omnibus' clause. Sometimes, though not nearly so often, the general insuring clause itself is so framed as to grant this type of coverage, that is, as to create liability insurance in favor not only of the named assured but also of any person or persons coming within a defined group; in so far as it does, it too, for the purposes of the present annotation, comes within the designation 'omnibus' clause."

The note ends on page 1437. On page 1382 the case of *Lahti* v. *Southwestern Automobile Ins. Co.,* 292 P. 527, 528, is cited, in which the District Court of Appeals, First District, California, said the following:

"The person named as the assured in schedule 1 of the schedule of statements is Margaret McMenamin. It is appellant's contention that the defendant under its policy contemplated no indemnity liabil- ity to any other person except Margaret McMenamin, the person

named in the schedule of statements. There is no merit in the contention. In plain and unambiguous language, the omnibus clause of the policy provides that, in addition to the assured named in the policy, any person, while riding in or operating the automobile covered by the policy, shall be deemed to be included within the meaning of the word 'assured'. William McMenamin was within the defined group, being the operator of the car, and, this being so, the policy contemplated indemnity liability for his acts as an unnamed assured with the same force and effect as if he had been expressly named therein. That appellant contemplated giving benefits to persons other than the named assured, Margaret McMenamin, is further evidenced by the clause in the policy providing that the insurance shall be first applied to the protection of the assured named in the schedule, and the remainder, if any, shall alone be applicable to the protection of others entitled to indemnity. To hold that the policy covered only liability incurred by the insured herself by reason of the driving of the automobile by a third person with her consent and did not cover the liability of the third person when the named insured was not herself liable would be to disregard entirely the express provisions of the omnibus clause. See *Ocean Accident & Guarantee Corp.* v. *Bear,* 220 Ala. 491, 125 So. 676; *Horn* v. *Commonwealth Co.,* 105 N. J. Law, 616, 147 A. 483; *Odden* v. *Union Indemnity Co.* (Wash.) 286 P. 59.

"The terms of the policy are plain and explicit and the meaning clear and free from doubt, and need no construction. The declared intention was to insure, not only the named assured, but all the defined group named in the omnibus clause as well.

"The judgment and order are affirmed."

The appellant insists that its policy cannot be construed to cover the chauffeur's liability because he is expressly excluded from the persons protected by the insurance.

It is true that he is excluded from groups 2 and 3, but from this it cannot be deduced that he is excluded from group 1 which covers any person who operates the insured automobile, with the consent of the owner or of any adult member of the family, this being the only limitation later put on the person, whoever he may be, who drives the car.

In this case action was brought against the owner, the chauffeur and the company jointly and judgment was ren-

dered against the chauffeur and the company, the latter being liable because it insured any other person besides the owner who might operate the insured automobile, and the chauffeur, whether or not the owner is in the car, is clearly included within the terms "any person" of the first group. If the intention of the insurer had been to exclude the chauffeur it would have done so expressly as it did in the other two groups.

The first error is therefore nonexistent. Similarly as to the second, which maintains that the court—contrary to the allegations of the complaint—held in an ambiguous manner that Laguerra was driving the insured automobile either as the owner's chauffeur or as a person especially designated by him to drive it.

It is true that it was alleged in the complaint that the car was driven by Laguerra, the owner's chauffeur, on a business trip of the latter, and that the court did not consider it proved that the trip was for business, but it is also true that during the trial it was clearly shown that Laguerra, the owner's chauffeur, was driving the car not only with the consent but at the instance of the owner who sent him to San Juan to bring his brother who was returning from the United States, giving him seven dollars for the expenses of the trip. And under these circumstances, the complaint may be considered as amended, if necessary, to conform to the evidence. See the case of *Indemnity Ins. Co. of North America* v. *Forrest et al.,* of the Circuit Court of Appeals, Ninth Circuit reported in 44 F. (2d) 465, 466, which is an authority on this point as well as the one previously discussed, that is, on the liability of the company for the acts of the chauffeur under the terms of the policy. See also *People* v. *Heirs of Valdés,* 31 P.R.R. 313 and *Heirs of Franceschi* v. *González,* 42 P.R.R. 901, affirmed by the Circuit Court of Appeals, first Circuit in *Heirs of Franceschi* v. *González,* 62 F. (2d) 748, 751.

The third error, that is, that the trial court converted the insurance policy in question from a public liability policy into a life-insurance policy, is so utterly groundless in rela-tion to the facts of the case, that to state it is sufficient to conclude that it does not exist.

The fourth and last error embraces three parts, to wit, that the judgment is contrary to the pleadings, to the law, and to the evidence presented.

The first two have already been decided in considering and deciding the first and second assignments. The appel-lant says little in respect to the third. And there is indeed little or nothing that can seriously be said, because the evi-dence amply sustains the facts which the district court found and on which it based its judgment.

The judgment appealed from must be affirmed.