[Sac. No. 7155. In Bank. May 17, 1962.]

LANDIS A. JURD, Plaintiff and Appellant, v. PACIFIC INDEMNITY COMPANY, Defendant and Respondent.

---

Steel & Arostegui, Robert W. Steel, Thomas A. Tweedy and Padric L. Nelson for Plaintiff and Appellant.

Rich, Fuidge & Dawson, Rich, Fuidge, Dawson & Marsh and Charles C. Dawson, Jr., for Defendant and Respondent.

DOOLING, J.—Plaintiff Jurd was injured on August 6, 1950, when he was struck by a jeep owned by the Yuba City Union High School District and being then operated by its employee Ed Johnson. The accident occurred in the course of a deer hunting expedition. Plaintiff brought suit against both the school district and Johnson. The trial court specifically found that Johnson was negligent but that he was not acting within the course and scope of his employment. Accordingly, judgment was entered in favor of the school district and against Johnson only.

The judgment against Johnson was never satisfied and so plaintiff brought the present action against Pacific Indemnity

Company, the insurance carrier for the school district, to recover on the judgment, alleging that Johnson was an additional insured within the meaning of the insurance policy issued by defendant company to the school district. That policy included a so-called omnibus coverage clause, reading as follows:

"The company agrees to pay the amounts incurred under this insuring agreement. . . .

"III. Definition of 'Insured.' The unqualified word 'insured' includes the named insured and also includes (1) under Coverages A and C, any partner, executive officer, director or stockholder thereof while acting within the scope of his duties . . . and (2) under Coverages A and B, any person while using an owned automobile or a hired automobile and any person or organization legally responsible for the use thereof, *provided the actual use of the automobile is with the permission of the named insured.* . . ." (Emphasis added.)

Defendant denied that Johnson was an additional insured under its policy and by way of a separate defense, alleged the prior judgment as an estoppel—that the matter of whether Johnson was acting in the course and scope of his employment had been finally adjudicated against plaintiff in the prior action; that since Johnson was not acting in the course and scope of his employment, it was beyond the power of the school district to consent to Johnson's use of the jeep for his own private purpose, and therefore Johnson was not a permissive user within the insurance coverage for an additional insured. On motion of defendant the court first tried the special defense (Code Civ. Proc., § 597), found that it was good and concluded, as a matter of law, that Johnson was not and could not have been a permissive user under the omnibus clause of the policy. From the judgment accordingly entered for defendant, plaintiff appeals.

Plaintiff does not dispute the prior judgment as a final adjudication on the issue of the course and scope of Johnson's employment nor does he question the proposition that defendant may plead as against him the adverse decision of that issue even though defendant was not a party to the prior action (*Bernhard* v. *Bank of America,* 19 Cal.2d 807, 813 [122 P.2d 892]). But we have concluded that, as plaintiff contends, the prior adjudication as to the course and scope of Johnson's employment is immaterial here, for the present action is founded exclusively on defendant's contractual liability—that Johnson is an additional insured under defend-

ant's insurance policy with the school district—an issue which was not litigated in the prior action, and therefore defendant may not invoke the principle of res judicata in bar of plaintiff's present claim. (*Exchange Cas. & Surety Co.* v. *Scott*, 56 Cal.2d 613 [15 Cal.Rptr. 897, 364 P.2d 833].)

In *Brindamour* v. *Murray*, 7 Cal.2d 73 [59 P.2d 1009], this court considered the question of the liability of a city under the then sections $1714\frac{1}{4}$ and $1714\frac{1}{2}$ of the Civil Code (now Veh. Code, §§ 17150 and 17001) for the negligence of an employee operating a city-owned vehicle, with the city's permission but for the employee's purely private purposes. We concluded that the city could only be held liable for such employee's negligence when the employee was acting for the city within the scope of his employment. We said at page 79 that "since the defendant Murray (the city employee) was admittedly then using the automobile for his own private purposes it was beyond the power of the city to grant consent to use it for those purposes and *thus create liability against itself.*" (Emphasis added.) The extent of that holding is qualified by the emphasized language; and because the city cannot, as there held, create a liability against itself by permitting an employee to use a city-owned automobile for the employee's private purposes, it does not necessarily follow that the defendant would have a similar immunity from the contractual liability based upon the provision of its policy of insurance by which it expressly extended its coverage to "any person while using an owned automobile . . . with the permission of the named insured."

█ Provision for omnibus coverage in an automobile liability insurance policy reflects a legislative policy to protect the public when a motor vehicle is operated by one other than the insured owner with his consent. (Veh. Code, § 16451, formerly § 415.)[1] █ In those jurisdictions where the insertion of an omnibus clause is required by statute in a liability insurance policy, it is liberally construed so as to effectuate the manifest public policy of broadening the insurance coverage. (See 5A Am.Jur., Automobile Insurance, § 90, p. 88; *Chatfield* v. *Farm Bureau Mut. Auto. Ins. Co.* (4 Cir. 1953), 208 F.2d 250, 256; *Collins* v. *New York Cas. Co.* (1954) 140 W.Va. 1 [82 S.E.2d 288, 295]; *Pavelski* v. *Roginski* (1957) 1 Wis. 2d 345 [84 N.W.2d 84, 86-87].) Recently in *Exchange Cas. & Surety*

---

[1] "Such policy shall insure the person named therein and any other person using . . . said motor vehicle . . . with the express or implied permission of said assured." (Veh. Code, § 415, subd. (2); Stats. 1943, p. 2767.)

*Co.* v. *Scott, supra,* 56 Cal.2d 613, it was held that an adjudication in favor of an automobile owner in an action under the imputed liability statute (former Veh. Code, § 402 [now Veh. Code, § 17150]) did not invoke the principle of collateral estoppel or res judicata on the question of the driver's permission within the language of the automobile owner's liability policy in a subsequent suit against the owner's insurer. Because the imputed liability statute "must be construed in a manner not favoring imposition of liability on the otherwise nonnegligent owner" and "uncertainties" in the language as to the intended coverage of an automobile insurance policy "must be construed in favor of imposing liability on the insurer" (56 Cal.2d 619), the "issue of permission to be decided" in the successive actions "was different" commensurate with the "opposing modes of construction" (56 Cal.2d 620). ■ In this vein it was accordingly said that "the scope of 'permission' under such a policy may in certain situations be broader than the scope of 'permission' under former section 402, because a different rule of construction is applicable to the owner's liability statute than the construction of an automobile liability policy, and 'permission' within the two contexts need not be construed in a similar manner" (56 Cal.2d 620-621).

■ In the construction of insurance policies, it is the settled rule that the whole of the contract is to be taken together, each clause helping to interpret the other. (27 Cal. Jur.2d, Insurance, § 280, p. 778.) ■ Here referring to the above-quoted omnibus clause, there is nothing in subsection (2) to indicate that the liability of a person other than a "partner, executive officer, director or stockholder" as provided in subsection (1) is to be limited to that liability incurred "while acting within the scope of his duties." Subsection (1) does so restrict the liability but subsection (2) clearly provides that the insurance coverage applies to "any person while using an owned automobile . . . with the permission of the named insured." The "permission" here appearing in the omnibus clause without definition must be deemed to include express or implied permission. (5A Am. Jur., Automobile Insurance, § 94, pp. 92-93; *Norris* v. *Pacific Indemnity Co.,* 39 Cal.2d 420, 423 [247 P.2d 1].) ■ Whether the requisite permission was present at the time and place of the accident is a question of fact. (*Exchange Cas. & Surety Co.* v. *Scott, supra,* 56 Cal.2d 613, 622.) ■ In construing the omnibus clause to effectuate its

purpose of broadening the coverage of automobile liability policies for the benefit of the public consistent with the terms of insurance (see *Continental Cas. Co.* v. *Phoenix Constr. Co.*, 46 Cal.2d 423, 434, 437-438 [296 P.2d 801, 57 A.L.R.2d 914]), the word ''permission'' is not to be deemed a legal permission having regard for a use authorized by law as distinguished from mere actual permission as a factual issue. ▇ Thus the fact that the school district could not legally permit Johnson's use of the jeep for his private purposes so as to impose liability on itself (*Brindamour* v. *Murray, supra,* 7 Cal.2d 73, 79) is immaterial insofar as determining the factual question of its actual permission as the basis for fixing the liability of defendant within the context of the insurance policy, a liability independent of defendant's responsibility to the school district as the named insured. (See *Lahti* v. *Southwestern Auto Ins. Co.*, 109 Cal.App. 163, 165-166 [292 P. 527].) ▇ The fact that here the named insured is a public agency rather than a private party as in *Exchange Cas. & Surety Co.* v. *Scott, supra,* 56 Cal.2d 613, is not a controlling factor in considering the insurer's liability. Rather the clear-cut policy of the omnibus clause to protect the public when a motor vehicle is operated by one other than the insured owner should dictate the same result regardless of the identity of the owner—a private party or a public agency.

▇ While, in general, public policy may dictate that the use of public property for private purposes should not be countenanced, opposed to this is the more specific public policy directed expressly to the permissive use of automobiles, that the public should receive the maximum of protection from the insurance coverage required by the Legislature. Viewing the matter realistically, we know that it is not uncommon for publicly owned automobiles to be used for their private purposes by public officers and employees with the permission of their superiors; and this being so, we have concluded that the policy of protection of the public by the required insurance coverage should prevail.

The judgment is reversed.

Gibson, C. J., Traynor, J., Schauer, J., Peters, J., and White, J., concurred.

McCOMB, J.—I dissent. I would affirm the judgment for the reasons expressed by Mr. Presiding Justice Van Dyke in the opinion prepared by him for the District Court of Appeal, (Cal.App.), 16 Cal.Rptr. 271.