511 P.2d 213

**HOME INSURANCE COMPANY, a corporation, Appellant,**

v.

**Thomas J. KEELEY and Patricia Ann Keeley, husband and wife; Carl E. Reblin; Gelco IVM Leasing Company, a corporation; and Southern Pacific Transportation Company, a corporation, Appellees.**

**No. 2 CA–CIV 1342.**

Court of Appeals of Arizona, Division 2.

June 29, 1973.

Review Denied Sept. 25, 1973.

Estes & Zlaket, by Donald Estes, Tucson, for appellant.

Bilby, Thompson, Shoenhair & Warnock, P. C. by Richard M. Bilby, Tucson, for appellees.

KRUCKER, Judge.

This appeal arises out of a declaratory judgment action instituted by Home Insurance Company, hereinafter referred to as Home, requesting a judicial declaration that a policy issued by it to appellee Reblin provided no insurance coverage for a particular accident, or, in the alternative, that if coverage did exist it was secondary to that of Southern Pacific and Gelco IVM Leasing Company. The litigation resulted in a determination adverse to Home's position, the lower court declaring that Home was primarily liable, Southern Pacific secondarily liable, and Gelco not liable. Although Home urges several grounds for reversal, we address ourselves to but one which is dispositive of this appeal.

Briefly, the facts are as follows. Carl E. Reblin, a senior claims agent for Southern Pacific, was the named insured in an automobile insurance policy issued by Home which provided coverage for his Chrysler automobile and for his operation of a non-owned automobile under designated circumstances. Southern Pacific furnished him an automobile which he took home at night.

On the night of February 22, 1971, the Chrysler was unavailable for Reblin's use because his wife had driven it out of town to visit relatives. As was his custom, Reblin drove home in the company car and then decided to embark on a social visit. While driving the company car, he was pursued by the Tucson police because he

was naked, and during the course of the pursuit he collided with an automobile owned by Mr. Keeley. Criminal charges were filed against Reblin and a suit for personal injuries was instituted by Keeley. Home undertook the defense of the personal injury action on a reservation of rights and during the course of the trial the suit was settled and dismissed by stipulation. Home then instituted the subject action for declaratory relief.

Whether or not the Home policy provided coverage for the accident in question hinges upon whether Reblin was an insured within the policy provision as to non-owned automobiles. This provision recites:

"Persons Insured

The following are Insureds under Coverages A and B [bodily injury liability and property damage liability]:

＊　　＊　　＊　　＊　　＊　　＊

(b) with respect to a non-owned automobile,

(1) the Named Insured,

(2) a relative, but only with respect to a private passenger automobile or utility trailer,

provided his actual opertaion or, if he is not operating, the other actual use thereof is with the permission, or reasonably believed to be with the permission, of the owner and is within the scope of such permission. . . ."

Thus we see that Reblin was not an insured as to the company car unless he was operating it within the scope of his employer's permission.

The parties to this litigation who were claiming coverage by the Home policy had the burden of establishing that, under the facts and circumstances, Reblin had the requisite permission. Hartford Accident and Indemnity Co. v. Shaw, 273 F.2d 133 (8th Cir. 1959); Allstate Insurance Co. v. Smith, 471 S.W.2d 620 (Tex. Civ.App. 1971). There is no question that Reblin had initial permission to use the company car. Some jurisdictions have adopted the "Hell or High Water" rule, i. e., it is conclusively presumed that if the vehicle was originally entrusted to the operator, then despite hell or high water, the operation of the vehicle is considered to be within the scope of the permission granted. 7 Appleman, Insurance Law and Practice § 4366. In this jurisdiction, however, this liberal rule has been rejected. See, Universal Underwriters Insurance Co. v. State Automobile and Casualty Underwriters. 108 Ariz. 113, 493 P.2d 495 (1972).

The word "permission" includes both express or implied permission. Jurd v. Pac. Indemnity Co., 57 Cal.2d 699, 21 Cal.Rptr. 793, 371 P.2d 569 (1962). The testimony at trial clearly reflects that Reblin had no express permission to use the car for anything other than company business. In fact, Reblin himself testified that the company car "wasn't for my use as a personal vehicle."

"Implied permission" may be inferred where there is a course of conduct or relationship between the parties indicative of mutual acquiescence or a lack of objection under circumstances signifying assent. Universal Underwriters Insurance Co. v. State Automobile and Casualty Underwriters, supra; Aetna Casualty & Surety Co. v. Anderson, 200 Va. 385, 105 S.E. 2d 869 (1958); Royal Indemnity Co. v. H. E. Abbott & Sons, Inc., 399 S.W.2d 343 (Tex.1966). As indicated in *Universal*, supra, such course of conduct may be shown by the practice of the parties over a period of time preceding the day upon which the insured vehicle was being used. The evidence presented to the trial court does not establish such course of conduct.

Mr. Olson, the district claims agent for Southern Pacific and Reblin's supervisor, testified in substance that vehicles furnished by Southern Pacific were only to be used during the evening hours for company business and that, although not specifically authorized, the company would probably allow him to stop at the store en route home from the office. He also indicated that on occasion he had used the company

car furnished to him for personal business; however, he did not know if Southern Pacific or anyone else was aware of his occasional personal use. As to the habits of other employees, he was unaware of any personal use by them of company-furnished cars. He conceded, however, that he might anticipate an employee's use on rare occasions such as stopping at the store en route home or if an emergency arose at home and the family car was not available.

Mr. Reblin testified that Southern Pacific had furnished a vehicle to him since 1962, that on "rare occasions" if the family car was not available, he would use the company car to pick his children up on Sunday, that the only time he used the car to go to the store was on the way home, and that the company vehicle was furnished to him for purposes of conducting his claims work.

On this state of the record, we are unable to say that it supports an inference that Reblin was operating the company car within the scope of his employer's permission at the time of the subject accident. Thus, the appellees failed to sustain their burden of proof and Home was entitled to a declaration in its favor on the coverage issue.

Judgment reversed with directions to enter judgment not inconsistent herewith.

HATHAWAY, C. J., and HOWARD, J., concur.