884 F.2d 1395
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 SECURITY INSURANCE GROUP, Plaintiff-Appellee,
v.
Shawn BODE; Randy Bode, et al., Defendants,
and
Linda Manley, in her capacity as Personal Representative of
the Estate of Eric M. Manley and the Estate of
Eric Manley, Defendants-Appellants.
 No. 88-3971.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 10, 1989.
Decided Aug. 29, 1989.
 Before O'SCANNLAIN, LEAVY and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendants appeal a grant of summary judgment in favor of the plaintiff, Security Insurance Group. Security Insurance brought this action seeking a declaration that its policy of insurance covering a vehicle owned by Eagle River Chevron provided no coverage for any liabilities arising out of two-vehicle collision which occurred on August 25, 1984, in Anchorage, Alaska.
 
 
 3
 * FACTS AND PROCEEDINGS
 
 
 4
 Shawn G. Bode ("Bode") was employed by Richard Carlile and George Maness, doing business as C & M Investments. C & M Investments operated an automobile service station known as Eagle River Chevron. Bode performed secretarial, bookkeeping, and receptionist work for C & M Investments. A small percentage of the work she performed was for the Eagle River Chevron station.
 
 
 5
 C & M Investments owned a 1977 Dodge pickup which was used as a garage vehicle at the Eagle River Chevron station. When Bode became aware that her employers wished to sell this pickup, she received permission from either Richard Carlile or George Maness to test drive the vehicle. The manager of the Eagle River Chevron station, Steven Holiday, was contacted and informed that Bode would be picking up the station vehicle to test drive it. Bode took the pickup and returned it the following morning. At that time, she indicated that she did not want to purchase the vehicle.
 
 
 6
 Approximately two weeks later, on August 24, 1985, Bode returned to the Eagle River Chevron station and again obtained possession of the pickup. She is presently suffering from amnesia, and has no recollection as to how she obtained the vehicle. What is known is that she obtained the key and the pickup from Eagle River Chevron without any objection from Mark Pierce, the lone attendant on duty and the person in charge of the station at that time. Pierce allowed Bode to charge fifteen dollars worth of gasoline and wrote up a charge slip for the sale. Bode left Pierce with a note saying that she was taking the pickup and would return it on the following day. Both the charge slip and the note Bode had written were posted by Pierce on the station wall.
 
 
 7
 Pierce has testified that he had no concerns whatsoever about Bode's taking the pickup. Pierce also testified that, although the keys to the vehicle were kept on a key rack in the station, easily accessible to the employees, he was never given any instructions or restrictions concerning use of the pickup. Pierce was adamant that, if there had been any rules restricting use of the vehicle, he would not have allowed Bode to take the keys on that particular evening.
 
 
 8
 After obtaining the pickup, Bode picked up a friend and drove to a local bar in Anchorage. Later that evening, sometime after midnight, Bode drove the pickup through a red light and collided with a vehicle which was coming through the intersection. A passenger, Michael S. Lovelace, and the driver of that vehicle, Eric M. Manley, died as a result of the collision. Bode's blood alcohol test, taken shortly after the accident, indicated she was intoxicated. Bode was subsequently charged and convicted of various driving offenses.
 
 
 9
 Security Investment provided automobile insurance coverage to Richard Carlile and George Maness, d/b/a C & M Investments, and d/b/a Eagle River Chevron, the named insureds, for the 1977 Dodge pickup. Pursuant to state law, the policy contained a standard omnibus clause providing coverage to anyone "using with your permission a covered auto."
 
 
 10
 On January 15, 1986, Security Insurance filed a complaint in federal district court seeking a declaration that there was no coverage under its policy for any liabilities arising out of the two-vehicle collision. The defendants asserted coverage based upon two distinct theories: (1) that Bode obtained permission to use the vehicle from a named insured; and (2) the named insured negligently entrusted the accident vehicle to Bode, and was therefore legally liable for the resulting injuries.
 
 
 11
 After discovery, Security Insurance moved for summary judgment. The district court granted the motion on the basis that no jury reasonably could infer from any facts that Bode had received permission, either express or implied, to use the vehicle at the time of the accident. The trial court similarly found that no jury reasonably could infer from the facts that the named insured had negligently entrusted the accident vehicle to Bode. The defendant estate of Eric Manley and its personal representative have timely appealed the trial court's order granting summary judgment. All other parties have been dismissed from the litigation. We reverse.
 
 II
 STANDARD OF REVIEW
 
 12
 The district court's grant of a motion for summary judgment is reviewed by this court de novo. Allstate Ins. Co. v. Gilbert, 852 F.2d 449, 451 (9th Cir.1988). "Our review is governed by the same standard used by the district court under Fed.R.Civ.P. 56(c). Under Rule 56(c), summary judgment is proper when the pleadings and discovery, read in the light most favorable to the non-moving party, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Id.
 
 III
 DISCUSSION
 
 13
 The dispositive issue is whether Bode had permission, express or implied, to drive the pickup on the evening of August 24, 1984. If she did have permission, the accident would be covered under the omnibus clause of the Security Insurance policy. Permission can be either express or implied. Permission is express if it is of an "affirmative character, directly and distinctly stated, and not merely implied or left to inference." Eshelman v. Grange Ins. Assoc., 442 P.2d 964, 965 (Wash.1968) (en banc). Defendants do not seriously contend that Bode had express permission to operate the vehicle on that particular evening.[1] They do claim, however, that Bode had implied permission to use the vehicle "as expressed by the actions and acquiescence" of Mark Pierce, "the man in charge of Eagle River Chevron's premises and equipment on the evening in question."
 
 
 14
 Implied permission may be "inferred where there is a course of conduct or relationship between the parties indicative of mutual acquiescence or a lack of objection under circumstances signifying assent." Home Insurance Co. v. Keeley, 511 P.2d 213, 215 (Ariz.App.1973) (emphasis added). Viewing the evidence in the light most favorable to the defendants, as we must, we find that a jury could reasonably infer that Bode had at least implied permission to use the pickup on the tragic evening in question.
 
 
 15
 Even absent Bode's memories of the event, it is clear that, at a minimum, Bode obtained possession of the Eagle River Chevron truck without any objection from the Eagle River Chevron employee in charge of the station and its equipment at the time. Indeed, the attendant in charge went so far as to sell Bode the gas she needed to fill up the truck. Furthermore, both of the principals of C & M Investments, Richard Carlile and George Maness, agreed that the taking of the vehicle was not the type of extraordinary occurrence in which an attendant should consult his superiors. Both Carlile and Maness testified that they did not think it extraordinary that Bode took the pickup on the night in question.
 
 
 16
 In conclusion, we hold that defendants have presented sufficient evidence to establish a genuine issue of fact with respect to whether Bode had permission to drive the vehicle on the evening in question. Summary judgment on this issue was therefore inappropriate. Because of our decision in this respect, we do not reach the issue of negligent entrustment.
 
 
 17
 REVERSED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. Rule 36-3
 
 
 [1]
 As already indicated, Bode had been given express permission by the named insured to test drive the vehicle two weeks before the accident. Bode's permissive use ended, however, when she returned the vehicle to the Eagle River Chevron station the following morning. See 12 Couch on Insurance Sec. 45:454, at 831 ("Where an employer's vehicle used by his employee has been returned to the custody of the employer and the employee retakes it, permission cannot be implied and a new consent must be given"); see also Annotation, Automobile Liability Insurance: Permission or Consent to Employee's Use of Car Within Meaning of Omnibus Coverage Clause, 5 A.L.R.2d 600, Sec. 23 at 660-63