NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

METROPOLITAN CASUALTY INSURANCE COMPANY,
*Plaintiff/Appellee*,

*v.*

BRENDA CROOK, as the aunt of her minor niece, ALEXIS EVANS;
CAMEO CARROLL, *Defendants/Appellants*.

No. 1 CA-CV 18-0363
FILED 4-23-2019

---

Appeal from the Superior Court in Yavapai County
No. P1300CV201600094
The Honorable David L. Mackey, Judge

**AFFIRMED**

---

COUNSEL

Peshkin & Kotalik, PC, Phoenix
By E.J. Kotalik, Jr.
*Counsel for Plaintiff/Appellee*

Goldberg & Osborne LLP, Mesa
By Ryan Lamb
*Counsel for Defendants/Appellants*

---

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Maria Elena Cruz joined.

---

**J O N E S**, Judge:

¶1        Appellants challenge the trial court's summary judgment ruling finding Cameo Carroll was not covered under an automobile policy issued to Laci Navarro by Metropolitan Casualty Insurance Company (Metropolitan).  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        In July 2010, Navarro loaned a 2005 Toyota Corolla to her mother, Terri Martin, with specific instructions not to let anyone other than herself and her then-husband drive it.  Martin agreed to this condition.

¶3        After Martin damaged the Corolla, she had it towed to Carroll's father's repair shop.  When the repairs were complete in September 2010, Martin asked Carroll, her employee and friend, to deliver the Corolla to her.  On the return trip, the Corolla was struck by another vehicle as Carroll pulled out of a gas station parking lot.  Carroll's three-year-old daughter, A.E., was seriously injured in the collision.

¶4        A.E., through her aunt, Brenda Crook, sought compensation for her injuries from an insurance policy (the Policy) issued by Metropolitan premised upon Carroll's negligent operation of the Corolla.  The Policy was issued to Navarro and James London II and designated only Navarro and London as named insureds.  In February 2016, Metropolitan filed a complaint seeking a declaration that Carroll was not an "insured" under the Policy and therefore Metropolitan had no obligation to defend or indemnify any claims against Carroll arising out of the September 2010 accident.

¶5        After considering the parties' competing motions for summary judgment, the trial court entered judgment in Metropolitan's favor.  Appellants timely appealed the final judgment, and we have

jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) §§ 12-120.21(A)(1)[1] and -2101(A)(1).

## DISCUSSION

**¶6**        Appellants challenge the trial court's order granting summary judgment in Metropolitan's favor on its complaint for declaratory relief. The interpretation of insurance contracts presents a question of law subject to *de novo* review. *First Am. Title Ins. v. Johnson Bank*, 239 Ariz. 348, 350, ¶ 8 (2016) (quoting *First Am. Title Ins. v. Action Acquisitions, L.L.C.*, 218 Ariz. 394, 397, ¶ 8 (2008)). We interpret such contracts in accordance with the plain and ordinary meaning of the words contained therein. *Id.* (citing *Sparks v. Republic Nat'l Life Ins.*, 132 Ariz. 529, 534 (1982)). In the course of our review, "we determine *de novo* whether any genuine disputes of material fact exist and whether the trial court correctly applied the law, viewing the facts in the light most favorable to . . . the non-prevailing party." *Robertson v. Alling*, 237 Ariz. 345, 347, ¶ 8 (2015) (citing Ariz. R. Civ. P. 56(a), and *BMO Harris Bank N.A. v. Wildwood Creek Ranch, L.L.C.*, 236 Ariz. 363, 365, ¶ 7 (2015)).

**¶7**        The Policy's insuring clause states:

> **We** will pay damages for **bodily injury** and **property damage** to others for which the law holds an **insured** responsible because of an accident which results from the ownership, maintenance or use of a **covered automobile**, a **non-owned automobile** or **trailer** while being used with a **covered automobile** or **non-owned automobile**. **We** will defend the **insured**, at our expense with attorneys of our choice, against any suit or claim seeking these **damages**. **We** may investigate, negotiate or settle any such suit or claim.

An "insured" under the Policy is defined to include:

> with respect to a **covered automobile**:
>
> > a.        **you**;
> >
> > b.        any **relative**; or

---

[1]        Absent material changes from the relevant date, we cite the current version of rules and statutes.

c.      any other person using it within the scope of
**your** permission.

The Policy also defines "you" as "the person(s) named in the Declaration of this policy as named insured and the spouse of such person or persons if a resident of the same household." The Policy's terms are consistent with Arizona's omnibus statute, which requires that all motor vehicle liability policies issued in Arizona "insure the person named in the policy as the insured and any other person, as insured, using the motor vehicle or motor vehicles with the express or implied permission of the named insured." A.R.S. § 28-4009(A)(2). We construe the omnibus statute broadly in favor of providing coverage for permissive drivers. *Hille v. Safeco Ins. Co. of Am.*, 25 Ariz. App. 353, 354 (1975). But it is Appellants' burden to present facts establishing that Carroll had the permission necessary to trigger coverage. *Home Ins. v. Keeley*, 20 Ariz. App. 200, 202 (1973) (citing *Hartford Accident & Indem. Co. v. Shaw*, 273 F.2d 133, 137 (8th Cir. 1959), and *Allstate Ins. v. Smith*, 471 S.W.2d 620, 624 (Tex. Civ. App. 1971)).

**¶8**      Permission may be express or implied. *Id.* (citing *Jurd v. Pac. Indem. Co.*, 371 P.3d 569, 572 (Cal. 1962)). However, both the Policy and the omnibus statute direct that such permission come from a named insured. *See supra* ¶ 7.

**¶9**      Appellants do not contend that either of the named insureds — Navarro or London — gave Carroll express permission to drive the Corolla, arguing instead that "there were two grants of authority to use the [Corolla]" — one from Navarro to Martin and a second from Martin to Carroll. Even assuming permission could be granted in a two-step manner, the undisputed evidence indicates Navarro specifically instructed Martin not to let anyone other than herself or her husband drive the Corolla. Accordingly, Carroll did not have express permission from a named insured to drive the Corolla.

**¶10**      Appellants also contend that Carroll had implied permission to drive the Corolla. Permission to use a vehicle, without more, does not authorize the permittee to allow another to use it. *State Farm Mut. Auto Ins. v. Williamson*, 331 F.2d 517, 519 (9th Cir. 1964) (citation omitted). However:

> If an owner reasonably should anticipate that, in view of the scope and nature of the permission granted (even if less than unfettered dominion), and because of the permittee's relationship to another, the permittee will allow that other

[person] to use the car, the owner's permission, without more, can be found to encompass permission for that use.

*Id.* at 520.  Thus "'[i]mplied permission' may be inferred where there is a course of conduct or relationship between the parties indicative of mutual acquiescence or a lack of objection under circumstances signifying assent." *Keeley*, 20 Ariz. App. at 202 (collecting cases).

¶11        No such course of conduct implying that Carroll received permission from the named insureds exists here.  There is no evidence that Navarro or London knew who Carroll was before the accident, and Carroll did not know who owned or insured the Corolla.  Nor is there any indication that Navarro or London knew or had reason to know that Martin had permitted or would permit other persons to drive the Corolla against Navarro's instructions such that a fact question regarding implied permission would prevent summary judgment.  *See Williamson*, 331 F.2d at 520 (affirming the jury's finding that the insureds' twenty-year-old son had implied permission to allow his friends to operate the insured vehicle where evidence showed the son frequently disregarded the insureds' rules limiting his use of the vehicle without significant consequence).  Therefore, Carroll did not have implied permission to drive the Corolla.

¶12        Finally, Appellants argue Martin had apparent authority to grant Carroll permission to drive the Corolla.  Apparent authority arises when a principal induces third persons to believe that a person was her agent, even if she conveyed no actual or express authority to that person. *See Escareno v. Kindred Nursing Ctrs. W., L.L.C.*, 239 Ariz. 126, 130, ¶ 8 (App. 2016) (quoting *Reed v. Gershweir*, 160 Ariz. 203, 205 (App. 1989)).  Again, there is no evidence that Navarro or London, the persons capable of extending the benefits of the Policy, ever knew of or communicated with Carroll prior to the accident.  There is no apparent authority.

¶13        Because the undisputed evidence establishes that Carroll was not a named insured, was not a relative of a named insured, and did not have express or implied permission from a named insured to drive the Corolla, the trial court did not err in concluding as a matter of law that she was not an "insured" under the Policy.[2]

---

[2]        Because we conclude Carroll was not an "insured" covered by the Policy, we need not and do not address whether her decision to drive the Corolla to a gas station before returning it to Martin removed her from coverage.

## CONCLUSION

¶14 The trial court's order is affirmed.

¶15 Both Appellants and Metropolitan request an award of attorneys' fees and costs incurred on appeal pursuant to A.R.S. § 12-341.01(A). Appellants are not successful parties, and their request is denied. As the successful party to a claim arising out of contract, Metropolitan is awarded its reasonable attorneys' fees and costs incurred on appeal upon compliance with ARCAP 21(b). *See Nationwide Mut. Ins. v. Granillo*, 117 Ariz. 389, 395 (App. 1977) (awarding attorneys' fees under A.R.S. § 12-341.01(A) to the successful party in an action seeking a declaratory judgment interpreting an insurance contract).

