[Civ. No. 20022.   First Dist., Div. Three.   Apr. 19, 1962.]

LINDA McCLARY, Plaintiff and Appellant, v. CONCORD
AVENUE MOTORS, Defendant and Respondent.

Edward L. Merrill and Douglas G. Cowan for Plaintiff and Appellant.

Tinning & DeLap and Max Wilcox, Jr., for Defendant and Respondent.

DEVINE, J.—Summary judgment was granted in favor of defendant Concord Avenue Motors, and plaintiff appeals. Plaintiff alleges in her complaint that she was injured on September 15, 1959 by negligent driving of a Chevrolet automobile by defendant Kistner, and that Concord and Rose owned the Chevrolet and permitted Kistner to drive it. Ownership of the vehicle is the only issue relevant to the summary judgment.  The facts are stated below in a

manner favorable to appellant from the summary judgment, wherever there was variance in the affidavits.

On September 14, 1959, the day before the accident, J. W. Chamblis and his son, Wesley Chamblis, agreed to purchase a Volkswagen from Concord. J. W. Chamblis owned the Chevrolet which was in the accident the next day. He agreed with Concord that he would turn over to Concord the Chevrolet as a down payment, and that Concord was to assume payments on the Chevrolet to General Motors Acceptance Corporation, the legal owner. He signed an authorization to Concord to pay off the legal owner. He endorsed the white slip and gave it to Concord. He did not have the pink slip in his possession, because it was held by General Motors Acceptance Corporation.

Whether possession of the Chevrolet was transferred to Concord is a subject upon which defendant's affidavit is silent, and upon which Wesley Chamblis' affidavit is vague and general, the allegation being that he had "divested himself of all interest in the said 1957 Chevrolet and relinquished the ownership interest of himself and his father, J. W. CHAMBLIS, to the CONCORD AVENUE MOTORS, through their duly authorized partner, MYRON ROSE." We need not debate whether this includes transfer of possession, because counsel for respondent conceded, at oral argument, that possession by Concord was a triable issue.

Shortly after the authorization referred to above had been signed, Kistner told Concord that he wished to buy the Chevrolet directly from Chamblis, and that he could arrange the financing with Morthrift Plan; and Concord agreed to this arrangement. On September 16, 1959, the day after the accident, Morthrift picked up from Concord the authorization to pay GMAC.

A supervisor of registration in the Department of Motor Vehicles testified that as of September 15, 1959 the Chevrolet was registered in the name of J. W. Chamblis, legal owner General Motors Acceptance Corporation, until October 13, 1959, when registration was released by Chamblis to Kistner.

The question before us is this: Is the subject of asserted ownership of the automobile by Concord a triable issue, or do the affidavits show conclusively that Concord was not an owner?

We believe that ownership by Concord is a triable issue.

The controlling statute is section 17150 (which was derived from former § 402, subd. (a)) of the Vehicle Code, which

reads: "Every owner of a motor vehicle is liable and responsible for the death of or injury to person or property resulting from negligence in the operation of the motor vehicle, in the business of the owner or otherwise, by any person using or operating the same with the permission, express or implied, of the owner, and the negligence of such person shall be imputed to the owner for all purposes of civil damages."

The test of responsibility under this section is ownership (together with permission to operate, negligence, and damages). The true owner is responsible, whether he was the registered owner or not. (*Stoddart* v. *Peirce,* 53 Cal.2d 105, 116, 117 [346 P.2d 774]; *Ferroni* v. *Pacific Finance Corp.,* 21 Cal.2d 773, 778 [135 P.2d 569]; *Rody* v. *Winn,* 162 Cal. App.2d 35, 39 [327 P.2d 579]; *Logan* v. *Serpa,* 91 Cal.App.2d 818, 822 [206 P.2d 70]; *McCalla* v. *Grosse,* 42 Cal.App.2d 546 [109 P.2d 358].)

There are, it is true, circumstances in which title actually has passed, and the former owner remains responsible because of failure to effect change of registration, but the true owner is liable, under section 17150, even if another also is chargeable. There may be several "owners" at any one time, in the sense of the word "owner" as used in the Vehicle Code. (*Stoddart* v. *Peirce, supra,* at p. 115.) Therefore, the fact that Concord at no time was the registered owner does not preclude actual ownership and resulting responsibility. The word "owner" includes, besides other persons, "a person having all the incidents of ownership, including the legal title of a vehicle whether or not such person lends, rents, or pledges the vehicle; the person entitled to the possession of a vehicle as the purchaser under a conditional sale contract; . . ." (Veh. Code, § 460; formerly Veh. Code, § 66.)

Reviewing the meager evidence offered in the brief affidavits, we cannot say that there remains nothing to be the subject of trial. Ownership by Concord (and Rose) is alleged in the complaint and denied in the answer. The affidavit of Rose tells us that it was agreed that Chamblis would "turn over" the automobile to Concord, but we are not informed whether the contract was written or oral, nor exactly what its terms were, and we cannot find in the affidavits evidence which negatives defendant as owner, brief as the time was when it could have had the responsibility of ownership.

Summary judgment for defendant is reversed.

Draper, P. J., and Salsman, J., concurred.