[Civ. No. 7993. Fourth Dist., Div. One. Jan. 5, 1967.]

MICHAEL GENE UBER, a Minor, etc., Plaintiff and Respondent, v. OHIO CASUALTY INSURANCE COMPANY et al., Defendants and Appellants; NEW AMSTERDAM CASUALTY COMPANY, Defendant and Respondent.

612

Parker, Stanbury, McGee, Peckham & Garrett, Raymond G. Stanbury, Luce, Forward, Hamilton & Scripps and Robert G. Steiner for Defendants and Appellants.

Smith, Prante & Biggins and Robert C. Baxley for Plaintiff and Respondent.

No appearance for Defendant and Respondent.

COUGHLIN, J.—Plaintiff sustained injuries in an automobile accident; in a previous action recovered judgment against the driver of an automobile involved in the accident; and by the instant action sought recovery on that judgment from the defendant insurance companies under policies of liability insurance respectively issued by them to three automobile sales agencies plaintiff claims were the owners of the automobile at the time of the accident. Each policy contained an omnibus clause insuring any person using an automobile owned by the named insured with the latter's permission. Plaintiff brought this action against the insurance companies under the provisions of Insurance Code section 11580, upon

the ground the driver was insured under the omnibus clause in their policies. The automobile, prior to the accident, had been the subject of three transfers, each without compliance with the registration and title transfer provisions of Vehicle Code section 5600. The first transfer was by the original owner to British Motor Sales Company, which was the named insured in the policy issued by defendant Ohio Casualty Insurance Company; the second transfer was by British Motors to Fred Kirk Motors, which was the named insured in the policy issued by defendant Travelers Insurance Company; and the third transfer was from Kirk Motors to Eastside Motors, which was the named insured in the policy issued by defendant New Amsterdam Casualty Company.[1] The driver at the time of the accident was using the automobile with the express permission of Eastside Motors.

Each transfer followed a bona fide sale and was accomplished in approximately the same manner. Possession of the automobile was delivered to the transferee. No notice of the transfer was given the Department of Motor Vehicles as provided by Vehicle Code, sections 5602, 5900 and 5901. The registration certificate, because it had been lost or mislaid, never was delivered to either of the transferees. Upon the initial transfer the certificate of ownership was delivered to British Motors by the registered owner and by the then legal owner, with an endorsement by the latter, and a power of attorney in blank signed by the former, the purported purpose of which was to permit its endorsement by an attorney in fact. British Motors and Kirk Motors, in making their transfers, each endorsed the certificate of ownership and delivered it to the transferee with the power of attorney. Following the accident an employee of Eastside Motors, using the blank power of attorney as authority therefor, endorsed the name of the original transferor, i.e., the registered owner, upon the certificate of ownership. Thereafter, new certificates of ownership and of registration were issued.

The trial court determined plaintiff was entitled to recover from each insurance company a designated pro rata share of the personal injury judgment. This determination was predicated upon the conclusion that at the time of the accident each of the aforesaid automobile agencies was an owner of the automobile driven by the person against whom plaintiff obtained judgment; the latter then was using the automobile

---

[1]Fred Kirk Motors and Eastside Motors were fictitious business names under which the owners thereof did business.

with their permission; and, for this reason, by virtue of the omnibus clause in the policy issued to each agency, the driver was an additional insured under each such policy.

The case was tried on a stipulated statement of facts supplemented by the testimony of two witnesses.

The insurance companies for British Motors and Kirk Motors, i.e., Ohio Casualty and Travelers, respectively, appealed from the judgment contending the conclusion of the trial court on the issue of liability and respecting the manner of proration was error.

The transferee of an automobile under a sale accompanied by delivery of possession is deemed to be an owner thereof as to a third party injured by its use, for the purpose of imposing liability under Vehicle Code section 17150, even though there is no compliance with the prerequisites to transfer of title prescribed by Vehicle Code, section 5600; and the transferor is deemed to continue to be an owner as to such third party, for this purpose, unless he complies with the prerequisites to avoidance of liability as prescribed by Vehicle Code, section 5602. (*Stoddart* v. *Peirce,* 53 Cal.2d 105, 115, 119-120 [346 P.2d 774]; *Dorsey* v. *Barba,* 38 Cal.2d 350, 353 [240 P.2d 604]; *Ferroni* v. *Pacific Finance Corp.,* 21 Cal.2d 773, 776, 778 [135 P.2d 569]; *McClary* v. *Concord Avenue Motors,* 202 Cal.App.2d 564, 566 [21 Cal.Rptr. 1]; *Truck Ins. Exchange* v. *Torres,* 193 Cal.App.2d 483, 487-488 [14 Cal.Rptr. 408]; *Harbor Ins. Co.* v. *Paulson,* 135 Cal.App.2d 22, 28, 29 [286 P.2d 870].) For this purpose there may be several "owners." (*Stoddart* v. *Peirce, supra,* 53 Cal.2d 105, 115.) The transferee or transferor of such an automobile who is an "owner" thereof as that term is used in Vehicle Code, section 17150, also is an owner thereof as that term is used in a liability insurance policy issued to and covering an automobile owned by him; and is insured thereunder against loss arising out of its use by another with his permission. (*Votaw* v. *Farmers Auto. Inter-Ins. Exchange,* 15 Cal.2d 24, 26 [97 P.2d 958, 126 A.L.R. 538]; *Truck Ins. Exchange* v. *Torres, supra,* 193 Cal.App.2d 483, 488; *Harbor Ins. Co.* v. *Paulson, supra,* 135 Cal.App.2d 22, 25; *Traders etc. Ins. Co.* v. *Pacific Emp. Ins. Co.,* 130 Cal.App.2d 158, 164 [278 P.2d 493].) In California, an omnibus clause in such a policy extends the insurance coverage thereunder to the person who operates such an automobile with permission of the named insured, i.e., the "owner." (*Truck Ins. Ex-*

*change* v. *Torres, supra,* 193 Cal.App.2d 483, 488; *Harbor Ins. Co.* v. *Paulson, supra,* 135 Cal.App.2d 22, 25-29.)

Under the foregoing rules British Motors and Kirk Motors, at the time of the accident resulting in plaintiff's injury, were owners of the subject automobile within the meaning of Vehicle Code section 17150 as they had not complied with the provisions of Vehicle Code section 5602, which would have terminated their subjection to liability under the former section upon endorsement and delivery of the ownership certificate and delivery of the registration certificate to their respective transferees, or upon the giving of the prescribed notice of transfer to the Department of Motor Vehicles.

Strict compliance with section 5602 is required before an owner may escape the liability imposed by section 17150 on account of an accident occurring before notice of the transfer is received by the Department of Motor Vehicles. (*Stoddart* v. *Peirce, supra,* 53 Cal.2d 105, 115.) In the case at bench, the certificate of ownership was not endorsed by or on behalf of the registered owner in proper time (*Canadian Indem. Co.* v. *Motors Ins. Corp.,* 224 Cal.App.2d 8, 13 [36 Cal.Rptr. 159]); the certificate of registration was not delivered to the respective transferees; nor was a notice of transfer given the department until after the accident.

The fact the certificate of registration had been lost or mislaid did not excuse compliance with the provision requiring delivery thereof to the transferee as a condition to freedom from subjection to liability. (*Rainey* v. *Ross,* 106 Cal.App.2d 286, 288 [235 P.2d 45].) The inability of a transferor to comply with the method he selects to avoid liability premised upon ownership does not excuse his failure to select an alternate method with which he can comply.

The omnibus clause in an automotive liability insurance policy extends coverage thereunder to a person using an automobile owned by the named insured with the express or implied permission of the latter; is statutorily included in every such policy (*Wildman* v. *Government Employees' Ins. Co.,* 48 Cal.2d 31, 39 [307 P.2d 359]; *General Ins. Co. of America* v. *Truck Ins. Exchange,* 242 Cal.App.2d 419, 422 [51 Cal.Rptr. 462]; *Pacific Indem. Co.* v. *Universal etc. Ins. Co.,* 232 Cal.App.2d 541, 543 [43 Cal.Rptr. 26]; see also Ins. Code, § 11580.1, subd. (d)—added 1963); is prescribed to effectuate the statutory purpose of broadening insurance coverage to protect the public when the automobile to which the policy relates is operated by one other than the insured owner

(*Jurd* v. *Pacific Indem. Co.*, 57 Cal.2d 699, 703-705 [21 Cal. Rptr. 793, 371 P.2d 569]; *Exchange Cas. & Surety Co.* v. *Scott*, 56 Cal.2d 613, 620, 622 [15 Cal.Rptr. 897, 364 P.2d 833]); and must be applied in light of this purpose.

The elements of ownership and permission essential to coverage under an omnibus clause have been specialized by case law. The ownership of the offending automobile by the named insured must be that which subjects him to liability under Vehicle Code section 17150. (*Borjesson* v. *Simpson*, 177 Cal.App.2d 365 [2 Cal.Rptr. 366].) On the other hand, his permission to its use by the person causing the loss which is the subject of a claim under the policy need not be that prerequisite to such liability. (*Jurd* v. *Pacific Indem. Co.*, *supra*, 57 Cal.2d 699, 702-705; *Exchange Cas. & Surety Co.* v. *Scott*, *supra*, 56 Cal.2d 613, 620.) The rules prescribing these specialized types of ownership and permission are the product of court decisions effectuating the purpose of the statutes imposing liability incident to ownership and requiring omnibus insurance coverage.

 We conclude the parties to a transfer of an automobile, accompanied by a delivery of possession, contemplate its use not only by the immediate transferee but also by subsequent transferees and by permittees of all such transferees; a transferor who continues to be an owner for liability purposes because of his failure to comply with pertinent provisions of the Vehicle Code, impliedly consents to the use of the automobile transferred by the immediate transferee, subsequent transferees and the permittees of all such transferees (cf. *Bardin* v. *Case*, 99 Cal.App.2d 137, 146 [221 P.2d 292]; *Herbert* v. *Cassinelli*, 61 Cal.App.2d 661 [143 P.2d 752]); and a person driving such an automobile with the consent of the current transferee, within the meaning of an omnibus clause, is using the automobile with permission of every prior transferor who continues to be a co-owner for liability purposes. Under the circumstances in the case at bench, the driver of the automobile at the time of the accident was using such with permission of British Motors and Kirk Motors as a matter of law. Appellants' contention the issue of permission was one of fact, upon which the court made no finding, is without merit.

Appellants assert, in substance, this court should reject the rules stated and applied in *Harbor Ins. Co.* v. *Paulson, supra*, 135 Cal.App.2d 22, and *Borjesson* v. *Simpson, supra*, 177 Cal.App.2d 365, and hold the transferor of an automobile, although an owner thereof for civil liability purposes, does

not have authority to grant permission to another to use it which will activate the coverage provided by the omnibus clause. ▮ The case law heretofore noted was the law of this state when the subject insurance policies were issued; is a part of those policies by implication (*Traders etc. Ins. Co. v. Pacific Emp. Ins. Co., supra,* 130 Cal.App.2d 158, 164; *Hales v. Snowden,* 19 Cal.App.2d 366, 369 [65 P.2d 847]); and a reconsideration of the rationale of the decisions stating and applying that law would serve no useful purpose. (Cf. *Ferroni v. Pacific Finance Corp., supra,* 21 Cal.2d 773, 776.)

The judgment prorates liability for the loss in question between the three insurance companies according to the provision therefor in the "other insurance" clause in each policy. Appellants contend the court erred in prorating liability because the "other insurance" clause in their policies contains an "excess insurance" provision not contained in New Amsterdam's policy; the insurance covering the subject loss is excess insurance; and, under these circumstances, New Amsterdam's liability is primary and their liability is secondary.

▮ Where multiple policies apply to the same loss, the reciprocal obligations of the insurers thereunder, as a general rule, are governed by the "other insurance" clause in their policies. (*American Automobile Ins. Co. v. Republic Indem. Co.,* 52 Cal.2d 507, 511-513 [341 P.2d 675]; *Miller v. Western Pioneer Ins. Co.,* 237 Cal.App.2d 138, 142 [46 Cal.Rptr. 579].)

▮ In a three-policy situation, where two policies contain an applicable "excess insurance" clause, and the third does not, liability under the latter is primary and that under the former is secondary. (*Pacific Employers Ins. Co. v. Maryland Cas. Co.,* 65 Cal.2d 318, 328 [54 Cal.Rptr. 385, 419 P.2d 641]; *Continental Cas. Co. v. Zurich Ins. Co.,* 57 Cal.2d 27, 34 [17 Cal.Rptr. 12, 366 P.2d 455]; *Miller v. Western Pioneer Ins. Co., supra,* 237 Cal.App.2d 138, 141.) ▮ Where the "excess insurance" clause is not applicable and each policy contains a prorating provision the liability generally is prorated.

The "excess insurance" provision in appellants' policy is expressed in the policy issued by Ohio Casualty in the following language: "[P]rovided, however, the insurance under this policy with respect to any ... non-owned automobile shall be excess insurance over any other valid and collectible insurance available to the insured, ..."; and is expressed in the policy issued by Travelers in substantially the same lan-

guage. By policy definition a ''nonowned'' automobile is an automobile not owned by the named insured. Thus, ''the insurance'' declared to be excess insurance is that covering the loss arising out of the use of an automobile not owned by the insured.

Basic to liability under the omnibus clause of the policies is the fact the named insured is the owner of the automobile used by the person covered as an additional insured. Thus, the insurance provided under the omnibus clause, being dependent upon ownership of the offending automobile by the named insured, for the same reason, is not ''the insurance'' referred to in the ''excess insurance'' provision. In substance, for insurance purposes, the situation effecting coverage of the ''additional insured'' is the same as that effecting coverage for the named insured while driving his automobile.

The trial court properly disregarded the ''excess insurance'' provision in appellants' policy and properly prorated liability according to the prorating provisions in the three policies.

The judgment is affirmed.

Brown (Gerald), P. J., and Whelan, J., concurred.