PAT OSTERMILLER, An Infant, by EMMA OSTERMIL-
LER, Her guardian, Plaintiff. *v.* MICHAEL PARKER,
Defendent. MICHAEL PARKER, a Minor, by WILLIAM
PARKER, his Guardian ad litem, Third-party Plaintiff
and Respondent, *v.* NATIONWIDE MUTUAL INSUR-
ANCE COMPANY, Glens Falls Insurance Company, State
Farm Mutual et al., Third-party Defendants and Appel-
lants.

No. 11438.
Submitted Sept. 11, 1968.
Decided Dec. 12, 1968.
451 P.2d 515.

Robert L. Kelleher (argued), Billings, for appellant.

Cooke, Moulton, Bellingham, Longo & Mather, Ward Swanser (argued), Crowley, Kilbourne, Haughey, Hanson & Gallagher and Bruce R. Toole, Bruce R. Toole (argued), Hutton, Schiltz & Sheehy, Lee Overfelt, Billings, for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the opinion of the Court.

On July 15, 1964, William Parker purchased a 1956 two door Mercury automobile from Midland Dodge Inc. A 1954 two door Chevrolet was traded in on the Mercury, and William Parker signed a contract with Midland Dodge after his son, Michael, paid the dealer $100 in addition to the trade-in. Apparently, after two additional payments of $38 each which were to be made on August 2 and August 20, 1964, the Mercury was to belong to Michael.

At the time of the trade William Parker signed the purchase order agreement and also signed a promissory note. Midland Dodge kept the certificate of title, the certificate of registration, the notice of lien and the release of lien.

On July 26, 1964, Michael Parker was involved in an accident with an automobile driven by one Lloyd Papke, and in which one Pat Ostermiller was a passenger. Thereafter, on August 1 or 2, 1964, after the accident, William Parker paid the balance of $76 and Midland Dodge gave him the certificate of title, the certificate of registration, the notice of lien and the release of lien. William Parker failed to send the title to the registrar of motor vehicles at Deer Lodge because, as he put it in his deposition, "I didn't see no sense in it * * * because the car was demolished."

Subsequently there arose an original action, Pat Ostermiller v. Michael Parker, brought by Miss Ostermiller for injuries she sustained in the accident on July 26, 1964. Michael Parker, through William Parker, his guardian ad litem, then filed a third party complaint against Nationwide Mutual Insurance Company, the insurance carrier of William Parker; Glens Falls Insurance Company, the insurance carrier of Midland Dodge; State Farm Mutual Automobile Insurance Company, the insurance carrier of Pat Ostermiller's parents; and John Doe Insurance Company, the insurance carrier of Lloyd Papke.

The third party complaint alleged, *inter alia,* that the third party defendant, Nationwide, had in effect on July 26, 1964, a policy of liability insurance insuring William Parker and his son, Michael, who was alleged to be a resident of the same household, and that the policy afforded coverage to persons operating non-owned and owned automobiles; that Glens Falls had in force at the time of said accident a policy of insurance insuring Midland Dodge; that if no coverage was afforded by either Nationwide or Glens Falls, then Pat Ostermille was covered by the uninsured motorist coverage of a policy issued by State Farm Mutual to her parents.

In addition, the third party complaint alleged that John Doe Insurance Company had issued its policy of insurance providing for uninsured motorist coverage to Lloyd Papke, the driver of the automobile in which Miss Ostermiller was riding at the time of the accident. Apparently, John Doe Insurance Company was dismissed by the court on the grounds that there was no uninsured motorist coverage in that policy.

The depositions of Michael and William Parker were taken, the originals or copies of the policies issued by the three remaining insurance firms were submitted to the court as were copies of the certificate of title and a contract for agreement of sale between Midland Dodge and William Parker. The matter was then submitted to the court on briefs. Finally based on the stipulation entered into by counsel for the three insurance compa-

nies submitting the matter on briefs, the court granted a motion for summary judgment in favor of Nationwide and State Farm and against Glens Falls.

Thereafter, because the original actions of Pat Ostermiller v. Michael Parker and Lloyd Papke v. Michael Parker had been set for trial and because the court refused to postpone trial pending this appeal, Glens Falls settled the personal injury claim of Pat Ostermiller (who had married Lloyd Papke) and the property damage claim of Lloyd Papke. Glens Falls also paid to John C. Sheehy, Esq., attorney for the Parkers, $500 in attorney fees and reimbursed him for court costs in the amount of $21.80. These sums were contained in the judgment signed by District Judge C. B. Sande.

Glens Falls now appeals from the summary judgment and contends that either Nationwide or State Farm, under their uninsured motorist coverage, are liable over to Glens Falls for the sums paid to the Papkes as well as for the money paid to attorney Sheehy.

█ Appellant contends that failure of William Parker to submit title to the registrar of motor vehicles as required by section 53-109(b), R.C.M.1947, should not work prejudice against Midland Dodge or its insurer, Glens Falls. The subsection in question reads as follows:

"Within ten (10) days thereafter (meaning after a transfer of title or interest), the transferee shall forward both the certificate of ownership so endorsed and the certificate of registration, together with the information required under section 53-107, to the registrar, who shall file the same upon receipt thereof and no certificate of ownership and certificate of registration shall be issued by the registrar of motor vehicles until the outstanding certificates are surrendered to that office or their loss established to his reasonable satisfaction."

In essence the appellant, Glens Falls, is contending that on July 15, 1964, there was a completed sale to William Parker so that William Parker's liability insurance policy covered the

accident and so exempted Glens Falls and its insured, Midland Dodge, from liability, (Nationwide's policy issued to William Parker provided that for a period of 30 days any new automobile purchased by Mr. Parker would be covered even though the insurance company had not been notified of the purchase. As events developed, Mr. Parker had not notified his insurance carrier that he had purchased another automobile.)

We think this case can be decided on one ground: Whether or not there had been a completed sale, for if there was a completed sale there is no doubt Nationwide would be liable. However, we hold that there was not a completed sale. The Montana code section that controls in this case is section 53-109(d), which reads:

"Until said registrar shall have issued a certificate of registration and certificate of ownership and statement as hereinbefore provided, delivery of any motor vehicle shall be deemed not to have been made and title thereof shall not have passed and said intended transfer shall be incomplete and not be valid or effective for any purpose."

This Court has previously held that the code section means exactly what it says. (Safeco Ins. Co. v. N'western Mutual Ins. Co., 142 Mont. 155, at 164, 382 P.2d 174, 178 (1963). In that case we said:

"There is nothing unrealistic ,technical or artificial about this simple procedure for the transfer of ownership of a motor vehicle. While defendants contend that even when following the statutory procedure dire consequences could result because of what might occur during the ten-day period, it seems to us rather clear that when the seller has executed the transfer upon the certificate of ownership and delivered it and the motor vehicle the sale is complete and any delay on the part of the registrar in issuing the new certificate of ownership would have no effect. In any regular transaction the new certificate of ownership is required to be issued by the registrar and issues as a matter of course. The transfer then becomes complete and

valid and dates back to the time of the transfer between the parties. If the transfer has not been made in compliance with the statute and the registrar by reason thereof does not issue a new certificate of ownership, clearly there was no transfer of ownership in its inception.''

We affirm what we said in that case. Appellant argues that there was a completed sale on July 15, 1964, and further argues that under section 53-109(b) William Parker had ten days in which to comply with the statute in order to effect a completed transfer. That is, Mr. Parker had until July 25, the day before the accident, to comply with the statute, and that his failure to do so should not prejudice Glens Falls or Midland Dodge. Yet it must be remembered that during those 10 days, and in fact until August 1 or 2, when the note was paid off, Midland Dodge was in possession of the certificates. It was Midland Dodge's own omission, their failure to give Mr. Parker the certificates, that prevented his forwarding them to the registrar of motor vehicles. It is clear from Mr. Parker's deposition, when he says he knew from previous dealings that Midland Dodge would keep the certificates, that Midland Dodge intended to keep the certificates until the promissory note was paid. His testimony on that point is uncontradicted.

In effect, Midland Dodge was saying: We're going to keep these certificates for 36 days (July 15 to August 20 when the second payment is due) and if you don't pay the note we will repossess the car. Under those circumstances it can hardly be contended that they felt they had made a completed sale. At the same time that they retained possession of the certificates they also want to contend that it was Mr. Parker's duty to send those certificates to the registrar and that since he did not do so they should not be prejudiced. We will not be a party to any such scheme and in doing so hold that Mr. Parker's insurance carrier should be liable for an omission on the part of Midland Dodge. Instead we hold in accord with what we said in the Safeco case, cited supra, and hold that there was no completed sale.

Next is the question whether Nationwide should be liable as insurer of a non-owned vehicle while such vehicle is being operated by the insured or any member of his household. We think it should not. The Nationwide policy specifically provided that coverages under the policy should extend to any other land motor vehicle provided it was not furnished for regular use to the policyholder or a member of the same household. Since we have held that there was no completed sale here, we must conclude that the car was furnished for regular use to the policyholder or a member of the same household and was so excluded by the policy provisions of the Nationwide policy from coverage under that policy.

For the foregoing reasons we affirm the judgment below in favor of Nationwide and State Farm and against Glens Falls.

MR. JUSTICES HASWELL, ADAIR, CASTLES and JOHN CONWAY HARRISON, concur.