[Civ. No. 24761. First Dist., Div. Four. Mar. 28, 1969.]

ALLSTATE INSURANCE COMPANY, Plaintiff and Respondent, v. FRED CHINN, Individually and as Administrator, etc., et al., Defendants and Respondents.

Jess Hernandez, Silen & Norwitt and Roger M. Hughes for Defendants and Appellants.

Walcom & Harmon and Leo J. Walcom for Plaintiff and Respondent.

CHRISTIAN, J.—Respondent Allstate Insurance Company took a declaratory judgment determining that an automobile liability insurance policy it issued to appellant Fred Chinn does not cover liability arising out of an accident on March 9, 1964 involving Fred's minor son, Timothy Chinn. Fred appeals in his own behalf and as administrator of Timothy's estate (Timothy having died in a later, unrelated accident). The other appellant, Garnica, sustained injuries in the accident here in question. The policy issued by Allstate insured Fred Chinn against liability arising out of the ownership or use of a designated 1954 Chevrolet or a non-owned automobile; the policy also provided protection against the liability

of immediate relatives arising from certain motor vehicle operations.

A few days before the accident Timothy acquired a 1949 Plymouth automobile from one Francis Puller. He did not comply with the requirements of Vehicle Code section 5600 et seq., relating to the transfer of title. There was evidence that a week or two after the accident Timothy had a friend sell the car to an auto wrecker; as part of this transaction the certificate of ownership was made out to show a transfer directly from Puller to the wrecking firm. Timothy Chinn's name does not appear in the chain of title.

Fred Chinn had signed Timothy's application for an operator's license as provided by Vehicle Code section 17701; but he did not know of Timothy's purchase of the Plymouth until after the accident had occurred. It was Fred Chinn's policy not to allow Timothy to buy a car; Timothy was not allowed to use his parents' car unless ''necessary.'' Fred did not learn of the accident until one week after it occurred.

The court below took judicial notice of the file in the personal injury action which appellant Garnica brought as a result of the accident. The complaint in that action charges both Fred and Timothy Chinn with negligence in the management, maintenance, driving and operation of the Plymouth automobile; in separate causes of action the complaint alleges that Fred Chinn is liable under Vehicle Code sections 17707 (signature of parent on minor's application for operator's license) and 17708 (permitting minor to operate motor vehicle) for his son's negligence.

The trial court found that Timothy Chinn was the owner of the Plymouth automobile, that it was furnished to him for his regular use, and that respondent's insurance policy therefore does not protect either Timothy or Fred Chinn against liability arising from the accident.

### Liability of Timothy Chinn

The insurance policy contains the following language: ''The following persons are insured under this Part

'' . . . . . . . . . . . .

''4. Any relative with respect to a non-owned private passenger automobile or trailer not regularly furnished for use of such relative; . . .

'' . . . . . . . . . . . .

''Definitions of words used under this Part

'' . . . . . . . . . . . .

278

"2. Automobiles Covered

" . . . . . . . . . . . . . .

(e) 'non-owned automobile' means an automobile, including a trailer, not owned by the named insured or any relative, other than a temporary substitute automobile; . . ."

Thus Timothy Chinn's liability for his negligent use of the Plymouth automobile is covered by the policy only if the Plymouth was a "non-owned automobile" and was not regularly furnished for his use. The trial court found against appellants on both of these issues.

Appellants contend that the definition of "owner" contained in section 460 of the Vehicle Code should have been applied; the sale to Timothy was never registered as required by law, and he was not the owner of the Plymouth under that definition. Second, appellants assert that even if the definition in section 460 is not used, the policy is ambiguous in its reference to ownership and must be construed against the insurer.

■ Section 460 (which provides that an owner of a motor vehicle is a person having "all the incidents" of ownership) does not provide the exclusive definition of "ownership" to be used in construing insurance policies. On the contrary, the statutory definition of "ownership" is "not necessarily controlling" because the words of an insurance policy are to be taken in their "ordinary and popular sense." (*Matsuo Yoshida* v. *Liberty Mut. Ins. Co.* (9th Cir. 1957) 240 F.2d 824, 827 [construing language then appearing in Veh. Code, § 66].) ■ For the purpose of determining liability insurance coverage, there may be several "owners" of an automobile. (*Matsuo Yoshida* v. *Liberty Mut. Ins. Co., supra; Uber* v. *Ohio Cas. Ins. Co.* (1967) 247 Cal.App.2d 611, 615 [55 Cal. Rptr. 720]; *McClary* v. *Concord Ave. Motors* (1962) 202 Cal. App.2d 564 [21 Cal.Rptr. 1].) ■ The purchaser of an automobile need not comply with Vehicle Code requirements in order to become its owner under the terms of an insurance policy. (*Uber* v. *Ohio Cas. Ins. Co., supra; Everly* v. *Creech* (1956) 139 Cal.App.2d 651, 657 [294 P.2d 109].) ■ Here Timothy acquired equitable ownership when he paid for the car and took unconditional possession under the intended sale.

*Mission Ins. Co.* v. *Feldt* (1964) 62 Cal.2d 97 [41 Cal.Rptr. 293, 396 P.2d 709], and *Ohio Cas. Ins. Co.* v. *Armendariz* (1964) 224 Cal.App.2d 56 [36 Cal.Rptr. 274], cited by appellants are distinguishable. In each case the insured was issued

a policy under California's assigned risk insurance plan which insured him only for the operation of non-owned vehicles. Upon receipt of the insurance policy, each insured was then issued an operator's license by the Department of Motor Vehicles valid only for the operation of vehicles not registered to the insured. The court in each case held that "not owned" was equivalent to "not registered to" in this situation. This result was reached because the insurance policy and the operator's license were issued as part of the same statutory insurance plan and because of the public policy in favor of insurance coverage for drivers under the assigned risk plan. Similar special circumstances are not seen in the present case; we therefore apply the usual rule that the purchaser of an automobile may be the owner for insurance purposes even though he is not the registered owner.

Appellants' contention that ambiguities in an insurance policy should be construed against the insurer is correct. "If semantically permissible, the [insurance] contract will be given such construction as will fairly achieve its object of securing indemnity to the insured for the losses to which the insurance relates." (*Continental Cas. Co.* v. *Phoenix Constr. Co.* (1956) 46 Cal.2d 423, 437 [296 P.2d 801, 57 A.L.R.2d 914]; also see *Arenson* v. *National Auto. & Cas. Ins. Co.* (1955) 45 Cal.2d 81 [286 P.2d 816]; *Juzefski* v. *Western Cas. & Surety Co.* (1959) 173 Cal.App.2d 118, 121 [342 P.2d 928].) Although this rule of construction has "particular application" where exclusions from the policy are involved, there must still be some ambiguity in the policy language before construction against the insurer is called for. (*Matsuo Yoshida* v. *Liberty Mut. Ins. Co., supra,* 240 F.2d 824, 826.) It has been held that the transferee in possession of a motor vehicle is the owner thereof—although possibly not the only owner—under the terms of a liability insurance contract. (E.g., *Everly* v. *Creech, supra,* 139 Cal.App.2d 651; *Uber* v. *Ohio Cas. Ins. Co., supra,* 247 Cal.App.2d 611.) Thus the concept of ownership in an insurance policy is not ambiguous; therefore the question whether a party is the owner of a motor vehicle is a question of fact to be determined by the trial court. (*McClary* v. *Concord Ave. Motors, supra,* 202 Cal. App.2d 564.) The finding that Timothy Chinn was the owner of the Plymouth automobile was grounded upon substantial evidence that he paid for the car, took possession of it, and considered it to be his. That finding will not be overturned by us; because it conclusively establishes that the

policy does not protect against the liability of Timothy, we need not consider the further contention, advanced by appellants, that the court erred in finding that the Plymouth was furnished for Timothy's regular use.

## Liability of Fred Chinn

■ The insurance policy provides as follows:

"Allstate will pay for an insured all damages which the insured shall be legally obligated to pay because of:

A. bodily injury sustained by any person, and

B. injury to or destruction of property, ''arising out of the ownership, maintenance or use, including loading and unloading, of the owned automobile or a non-owned automobile.

". . . . . . . . . . . . . .

''The following persons are insured under this Part

''1. The named insured with respect to the owned or a non-owned automobile; . . .''

Fred Chinn is the named insured. However, the Plymouth automobile was neither an owned automobile nor a ''non-owned automobile'' as the latter term is defined in the policy language quoted above in our discussion of the liability of Timothy Chinn. This is because the Plymouth, although not owned by Fred Chinn, was owned by a relative (Timothy). Under its definition of ''non-owned automobile'' the policy does not cover the liability of Fred Chinn arising out of the use of such an automobile. If the definition of ''non-owned automobile'' were not so limited a father could, for one premium, obtain coverage not only of his own vehicle but of one owned by his son.

■ Appellant contends that the policy exclusion subverts the mandatory coverage provisions of section 16452 of the Vehicle Code.[1] That section requires coverage for liability arising out of the use by the insured of *any* non-owned vehicle. The statute does not except vehicles owned not by the insured but by his relatives, as does Allstate's policy. But the statute requires coverage only for liability which results from ''use by him'' (the insured). The claimed liability of Fred Chinn in the present case does not arise out of his use of the

[1]''§ 16452. An operator's policy of liability insurance shall insure the person named as insured therein against loss from the liability imposed on him by law for damages arising out of *use by him* of *any motor vehicle not owned* by him, within the same territorial limits and subject to the same limits of liability as are set forth above with respect to an owner's policy of liability insurance.'' (Language in effect upon issuance of the insurance policy. [Italics added.])

Plymouth. In Garnica's personal injury actions against the Chinns, it is alleged that Fred Chinn was vicariously liable for any injury resulting from Timothy's operation of the Plymouth, pursuant to section 17707 of the Vehicle Code. This allegation is premised upon Fred Chinn's acceptance of liability in connection with his minor son's application for a motor vehicle operator's license. But section 16452 does not require coverage for such vicarious liability. (*Martinez* v. *Allstate Ins. Co.* (1968) 261 Cal.App.2d 754 [68 Cal.Rptr. 278] [vehicle owned and driven by insured's son]; *Wisdom* v. *Eagle Star Ins. Co.* (1963) 211 Cal.App.2d 602 [27 Cal.Rptr. 599] [vehicle owned by third party and driven by insured's son].) Because the Financial Responsibility Law does not require coverage for such vicarious liability, and the policy does not provide for it, Fred Chinn's liability based upon section 17707 was not covered by respondent.

 Garnica's complaint also alleged that Fred Chinn was directly liable in that he "negligently entrusted, managed, maintained, drove and operated" the Plymouth. Appellants contend that such activity is "use by him" within the terms of section 16452 and thus may not be excluded from coverage by respondent. We do not reach this issue; the findings of the trial court, made upon substantial evidence, establish that Fred Chinn did not entrust, manage, maintain, operate or drive the Plymouth automobile. The evidence shows that Fred Chinn did not own or have possession of the Plymouth automobile, that he did not know of his son's use or purchase of the Plymouth until one week after the accident, and that it was his policy not to allow his son to buy a car. There was thus no "use" of the Plymouth by Fred Chinn under the terms of section 16452 and the statutory extension of coverage does not apply to Fred Chinn's liability in this case.

We do not decide the question whether such activities of an insured as maintaining a vehicle or entrusting its use to another may fall within the "use by him" coverage of section 16452 of the Vehicle Code. Manifestly the Allstate policy does not extend the statutory minimum coverage in that it does not cover use *by the insured* of an automobile owned not by him but by a relative. Section 16452 requires coverage for the insured's use of *all* non-owned vehicles; there is no exception for relative-owned vehicles. Although appellants may be correct in their contention that this policy's definition of "non-

owned automobile" will in some cases be contrary to the statute, this is not one of those cases.

The judgment is affirmed.

Devine, P. J., and Rattigan, J., concurred.