FRANCES OTT, Plaintiff and Respondent, v. FIDELITY
FINANCE COMPANY, Defendant and Appellant.

No. 12040.
Submitted September 2, 1971.
Decided September 24, 1971.
488 P.2d 1148.

John Leslie Hamner, argued, Butte, for defendant-appellant.

Maffei & Harrington, Maurice A. Maffei, argued, Butte, for plaintiff-respondent.

MR. JUSTICE HASWELL delivered the Opinion of the Court.

Plaintiff Frances Ott recovered judgment upon a jury verdict against defendant Fidelity Finance Company in the amount of $1,593 covering compensatory and punitive damages for wrongful attachment in the district court of Silver Bow County. Following denial of its motion for a new trial, defendant appeals from this judgment.

In April, 1966, Frances Ott, then Mrs. John Carson, and her husband at that time, John Carson, also known as Leo Stevens, signed a promissory note for $650 payable to Fidelity Finance Company. On April 1, 1969 Fidelity Finance Company filed suit to recover judgment for the balance owing on this note in the district court of Silver Bow County, naming John Carson, also known as Leo Stevens, as the sole defendant. Ancillary to this suit, an attachment was levied on April 19, 1969 upon a 1951 Willys station wagon then in the possession of Frances Ott. At the time of levy the registered owner of this automobile was Victor Rauh, who disclaimed ownership, advising Fidelity Finance Company that he had previously sold the vehicle to John Carson in August, 1968.

At the time of sale of the 1951 Willys station wagon, the registered owner Rauh transferred it to Stevens by assignment on the title certificate. Thereafter the word "Mrs." was inserted before Stevens' name by him. In October, 1968, Stevens and his wife were divorced, the latter being restored her maiden name, Frances Ott. Frances Ott retained possession of the automobile following the divorce but did not record the title transfer with the Registrar of Motor Vehicles until

April 20, 1969, the day following levy of attachment in the action brought by the Finance Company on the promissory note.

Following the levy of attachment Frances Ott filed notice of her claim to the attached vehicle under claim of ownership since August 20, 1968. An amended complaint was filed by Fidelity Finance Company naming her as an additional defendant. Frances Ott filed a claim of exemption from attachment as the head of a family under section 93-5820, R.C.M.1947. After hearing, the district court found that Frances Ott was the owner of the attached Willys station wagon on March 20, 1969; that the attachment was void as she was a stranger to the original action; that the amended complaint did not operate retroactively to legalize the prior attachment; and that the waiver of exemption incorporated in the promissory note signed by Frances Ott was void as against public policy. The district court concluded that the attachment was void and ordered the automobile released.

Thereafter on May 9, 1969 plaintiff Frances Ott filed an action against defendant Fidelity Finance Company for wrongful attachment seeking $343 compensatory damages and $5,000 punitive damages. Defendant Fidelity Finance Company answered denying the ownership of Frances Ott; claiming attachment of the equitable interest of Carson, also known as Leo Stevens; and claiming the addition of the word "Mrs." on the title transfer constituted an alteration thereof voiding the transfer. Fidelity Finance Company also pleaded an affirmative defense not germane to this appeal. Additionally Fidelity counterclaimed against Frances Ott for the balance owing on the promissory note; Fidelity's second counterclaim alleged fraudulent misrepresentation by Frances Ott in procuring the loan and sought punitive damages.

The matter came on for jury trial and at the conclusion of plaintiff's case-in-chief, defendant Fidelity Finance Company moved for dismissal and nonsuit on the basis that the proof

showed that Frances Ott had not acquired title to the attached vehicle until the day following levy of attachment. This motion was denied by the district court.

Following presentation of defendant's evidence the case was submitted to the jury who returned a verdict of $293 compensatory damages and $1,300 punitive damages, totalling $1,593 in favor of plaintiff Frances Ott against defendant Fidelity Finance Company. The verdict was silent as to defendant's counterclaims. Judgment was entered on this verdict. Defendant moved for a new trial which was denied and this appeal followed.

Two issues will dispose of this appeal:

1. Was Frances Ott the owner of the attached vehicle at the time of levy of attachment?

2. Is defendant Fidelity Finance Company entitled to a new trial on its counterclaims?

Section 53-109(d), R.C.M.1947 disposes of the first issue on appeal. This section provides:

"Until said registrar (registrar of motor vehicles) shall have issued a certificate of registration and certificate of ownership and statement as hereinbefore provided, delivery of any motor vehicle shall be deemed not to have been made and title thereto shall not have passed and said intended transfer shall be incomplete and not be valid or effective for any purpose."

This Court has previously held that this code section means exactly what it says and that no transfer of title or ownership shall be effective for any purpose until the provisions of this section shall have been compiled with. Safeco Ins. Co. v. Northwestern Mutual Ins. Co., 142 Mont. 155, 382 P.2d 174; Ostermiller v. Parker, 152 Mont. 337, 451 P.2d 515. In this case, at the time of levy of the attachment on the 1951 Willys station wagon on April 19, 1969, plaintiff Frances Ott did not hold title to the attached vehicle. Accordingly plaintiff, as a stranger to title of the attached vehicle, has

no standing to contest the attachment. The judgment of the district court awarding plaintiff Frances Ott the sum of $1,593 damages for wrongful attachment against defendant Fidelity Finance Company is vacated and set aside and this claim for relief dismissed.

Proceeding to the second issue for review, defendant Fidelity Finance Company filed two counterclaims against plaintiff Frances Ott, the first was for damages for alleged fraud and deceit by Frances Ott in procuring the loan from Fidelity Finance Company. This counterclaim has no evidence supporting it. Not only does the evidence fail to show any misrepresentation by Frances Ott, but affirmatively shows that she did not procure the loan but on the contrary simply signed as an accommodation maker because she was the wife of John Carson, also known as Leo Stevens, who procured the loan. Accordingly, this counterclaim is dismissed as a matter of law.

The second counterclaim is by defendant Fidelity Finance Company against plaintiff Frances Ott for recovery of the balance owing on the promissory note and attorney's fees. The jury verdict is silent as to this counterclaim. As proof was introduced at the trial supporting this counterclaim, and because the jury wholly neglected to decide this counterclaim, defendant is entitled to a new trial thereon.

This cause is remanded to the district court for further proceedings on the counterclaim of defendant Fidelity Finance Company against plaintiff Frances Ott seeking recovery of the balance owing on the promissory note together with attorney's fees.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES JOHN C. HARRISON, CASTLES and DALY, concur.