**HARBOR INSURANCE COMPANY,
Plaintiff,**

v.

**UNITED STATES FIDELITY & GUARANTY CO. et al., Defendants.**

**No. A–178–71.**

United States District Court,
D. Alaska.

Nov. 1, 1972.

Arthur D. Talbot, Anchorage, Alaska, for plaintiff.

George N. Hayes, Delaney, Wiles, Moore, Hayes & Reitman, Inc., Anchorage, Alaska, for defendants.

## MEMORANDUM AND ORDER

VON·DER HEYDT, District Judge.

This matter comes before the Court on defendants' unopposed motion for summary judgment.

At an auction in August, 1970, a Mr. Clapper (hereinafter Clapper) purchased a tractor and trailer. At the time of the sale these vehicles were registered in the name of Braund, Inc. (hereinafter Braund). On August 8, 1970, Clapper received the endorsed certificates of title to the vehicles, but did not immediately apply for new certificates of title to the vehicles. On September 21, 1970, the vehicles were involved in an accident which resulted in three deaths, several serious personal injuries, and considerable property damage. At the time of the accident, the vehicles were driven by an employee of Clapper.

After the accident, on September 29, 1970, Clapper applied to the Alaska Department of Revenue, Division of Motor Vehicles, for new certificates of title to the tractor and trailer. The new certificates of title were issued on October 8, 1970.

On the date of the accident, there was in effect a policy of automobile liability insurance issued by Harbor Insurance Company (hereinafter Harbor) to Braund which expressly listed the tractor and trailer involved in the accident. That policy also contained an omnibus clause by which insurance coverage was provided to a person driving a vehicle owned by Braund with the permission of Braund. On the same date, there was in effect a policy of automobile liability insurance issued by United States Fidelity and Guaranty Company (hereinafter Fidelity) to Clapper. During the subsequent litigation which arose from the accident, Fidelity settled all claims against Clapper and his employee.

Harbor brought this action for a judgment declaring the respective rights and liabilities of the parties to the Harbor policy. Fidelity subsequently moved for summary judgment on the theory that the Harbor policy afforded coverage to Clapper and his employee as a matter of law, and that the Harbor policy was primary.

In determining whether the Harbor policy afforded coverage at the time of the accident, initial inquiry must be directed to the question of whether legal title to the vehicles had passed to Clapper before the accident. A.S. 28.10.370, which regulates the issuance of new registrations and certificates of title, states the clear legislative intent that titles to motor vehicles shall not pass until a new certificate of title has been issued by the appropriate governmental agency:

> . . . Until the department issues a new certificate of registration and certificate of ownership, delivery of a vehicle required to be registered under this chapter shall be deemed not to have been made and title shall be deemed not to have passed, and the intended transfer shall be deemed incomplete and not valid or effective for any purpose.

■ Since the Alaska Supreme Court has not ruled on this question, this court must exercise its best judgment upon the question presented. Kackman v. Continental Ins. Co., 319 F.Supp. 540 (D.Alaska 1970).

Courts that have considered the issue of passage of title under similar motor vehicle registration statutes uniformly require strict compliance with statutory requirements before acknowledging the transfer of title. Brewer v. DeCant, 167 Ohio St. 411, 149 N.E.2d 166 (1958), Ostermiller v. Parker, 152 Mont. 337, 451 P.2d 515 (1968), Nationwide Mut. Ins. Co. v. Hayes, 276 N.C. 620, 174 S.E.2d 511 (1970).

One of the policy considerations underlying this view is the protection of third persons who suffer injury at the hands of a buyer of an automobile who has received control but not title because of noncompliance with motor vehicle registration statutes. In such cases, assuming the buyer is covered by the omnibus clause of the seller's insurance, the injured third party should be entitled to coverage under the seller's insurance policy.

Further, A.S. 28.10.350(b) permits a seller to take steps to transfer the legal title within 10 days of the sale. Here neither the buyer nor the seller had attempted to comply with the statutory requirements for issuance of a new certificate of title before the date of the accident.

■ Accordingly, the court holds that legal title to the tractor and trailer here involved remained in the seller, as of the date of the accident.

Final inquiry must be directed to the matter of whether coverage was afforded to Clapper and his employee at the time of the accident under the omnibus clause of the Harbor policy. By the terms of the omnibus clause in that policy, the insured is defined as follows:

> III. Definition of Insured: The unqualified word "insured" includes . . . any person while using an owned automobile or a hired automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automo-

bile is by the named insured or with his permission.

 Courts tend to construe omnibus clauses liberally to provide coverage to a person using an automobile owned by the named insured with the express or implied permission of the named insured. This construction is based on the sound public policy to protect the public from vehicles operated by one other than the insured owner. That view has applied to cases factually similar to the instant case, with the result that where title has not passed to a buyer because of noncompliance with motor vehicle transfer statutes, a third party injured by the buyer is afforded coverage by the seller's insurance policy under the omnibus clause. Uber v. Ohio Cas. Ins. Co., 247 Cal.App.2d 611, 55 Cal.Rptr. 720 (1967), Turpin v. Standard Reliance Ins. Co., 169 Neb. 233, 99 N.W.2d 26 (1959).

Considering the operative facts here, the better view is to hold that the Harbor policy afforded coverage to Clapper and his employee by virtue of the omnibus clause in that the buyer and his employee are deemed to be using the vehicles of the named insured of the Harbor policy with the implied permission of the named insured.

Fidelity asks that the Harbor policy be declared primary, and the Fidelity policy secondary, so that Fidelity would be entitled to recover from Harbor all amounts paid by Fidelity in settlement of the claims which arose out of the accident. Where two insurance policies contain "other insurance clauses", as in the instant case, the practice of declaring one or the other of the policies as primary has been expressly disapproved by this court. Kackman v. Continental Ins. Co., 319 F.Supp. 540 (D. Alaska 1970), as approved in Werley v. United Services Auto. Ass'n., 498 P.2d 112 (Alaska 1972).

Since the matter of apportionment of loss among insurers in light of Kackman has not been raised by the parties, the Court will not pass on that issue at this time.

Therefore, it is ordered:

1. That defendants' motion for summary judgment is granted on the issue of coverage.

2. That defendants' motion for summary judgment is denied on the issue of allocation of loss.